**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **RALPH ROBINSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 2:12-CV-30 |
| | ) | **Chief District Judge Collier** |
| **SHERMAN FINANCIAL GROUP, LLC,** | ) | **Magistrate Judge Carter** |
| **LVNV FUNDING LLC, RESURGENT** | ) | |
| **CAPITAL SERVICES L.P.,** | ) | Jury Trial Demanded |
| **R. SCOTT BATSON, and** | ) | |
| **HOSTO & BUCHAN, PLLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendants, in their illegal efforts to collect consumer debts.

3.  Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4.  Plaintiff Ralph Robinson (hereinafter referred to as "Plaintiff") is a natural person who resides in Greene County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

6.     Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7.     Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, which has its principal place of business located in Greenville, SC, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8.     Defendant R. Scott Batson (hereinafter "Defendant Batson") is a natural person who is employed by the Defendant Sherman, Defendant LVNV, or Defendant Resurgent as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address at 15 South Main Street, Suite 600, Greenville, SC 29601, or his home address.

9.      Defendant Hosto & Buchan, PLLC (hereinafter "Defendant Hosto") is a "debt collector" as

        that term is defined by 15 U.S.C. § 1692a(6), and a for-profit professional limited liability

        company organized in Arkansas that maintains Corporation Service Company, 2908 Poston

        Avenue, Nashville, TN 37203 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

10.     Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of

        a transaction in which the money, property, insurance or services which are the subject of

        the transaction are primarily for personal, family or household purposes, and is therefore

        a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt

        allegedly originally owed to or serviced by HSBC/Orchard Bank (hereinafter "HSBC").

11.     After default, the alleged debt was consigned, sold or otherwise transferred to Defendants

        for collection from Plaintiff.

12.     Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman

        Defendants") operate as a debt buying enterprise.  Defendant Sherman is not simply a

        parent holding company, though it owns 100% of the shares and interests in Defendants

        LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business

        operation. Defendant Sherman provides management and decision-making, Defendant

        LVNV exists as an employee-less paper entity that holds title to the enterprise's

        purchased debt portfolios and Defendant Resurgent operates as the front for contact with

        the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection

        accounts.

13.     On its webpage, Defendant Sherman explains that it "is a diversified consumer finance

        company that, through its subsidiaries and affiliates, originates, purchases and services all

3

types of consumer debt in the United States and Mexico."

14. Defendant Sherman further explains online that, "Through its subsidiary and affiliated companies, Sherman is engaged in the direct origination of consumer loans, investment in performing and non-performing consumer debt originated by financial institutions, credit card companies, retailers and others, and the servicing of an array of consumer assets." See http://www.sfg.com/ last visited May 13, 2012.

15. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

16. The Sherman Defendants are engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

17. When purchasing charged-off consumer debts, the Sherman Defendants make an intentional business decision not to obtain competent evidence as to whether a written contract existed between the original creditor of the debt and the consumer, or if there was other documentation showing when or how the debt was incurred, or anything beyond very rudimentary information which would allow them to correctly calculate the amount of debt owed by a consumer (i.e., name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt).

18. The lack of documentation that debt buyers such as the Sherman Defendants receive when they purchase charged-off consumer debt is reflected in the price of the debt, sometimes a little as a penny or two on the dollar.

19.   The usual way the Sherman Defendants collect the charged-off consumer debts is to employ debt collection attorneys such as Defendant Hosto to file collection lawsuits, providing only sworn affidavits as evidence of the alleged debt for purposes of filing suit.

20.   The Sherman Defendants and Defendant Hosto file the collection lawsuits against Tennessee consumers, knowing they do not have the means and do not intend to obtain the means of proving the alleged debts.

21.   The means of proving the alleged debts has been determined by the Tennessee Court of Appeals.[1]

22.   The business model followed by the Sherman Defendants and Defendant Hosto to collect debts from Tennessee consumers is to engage in a "pattern and practice" of filing collection lawsuits: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) using sworn affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do

_____

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, LVNV Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, *citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co.*, 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

not possess the personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit necessary to make a sworn affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers who are intimidated by the sworn affidavits because they are made in the course of litigation and under penalty of perjury; all done in order to increase the Sherman Defendants and Defendant Hosto' respective financial bottom lines.

23. In a large majority of the cases, debt buyers such as the Sherman Defendants and debt collection attorneys such as Defendant Hosto obtain a default judgment and the sufficiency of the debt buyer's sworn affidavits are not challenged.

### *January 23, 2011 Collection Letter*

24. Within one year prior to the filing of the original Complaint, on or about January 23, 2011, Defendant Hosto sent a collection letter to Plaintiff dated January 23, 2011. ***Redacted copy of January 23, 2011 collection letter filed as Exhibit 1 to this Amended Complaint (hereinafter "Doc. 15-1").***

25. The January 23, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26. The January 23, 2011 collection letter prominently displays the name: "**HOSTO BUCHAN PRATER & LAWRENCE**" at the top left-hand corner of the collection letter in all capital letters and bold print, and lists the names of twelve attorneys on the right-hand side of Defendant Hosto's letterhead.

27. Only two attorneys listed on Defendant Hosto's letterhead, Bryan E. Hosto (hereinafter referred to as "Attorney Hosto") and Mark A. Sexton (hereinafter referred to as "Attorney Sexton"), are licensed to practice in Tennessee.

28. The January 23, 2011 collection letter stated:

"RE:  Past Due Account Owed To:        LVNV FUNDING LLC
      Original Creditor                HSBC/ORCHARD BANK
      Account Owed By:                 RALPH ROBINSON
      Current Balance:                 $2,747.00
      Our Account Number:              SH065299
      Client Ref. No.                  XXXXXXXXXXXX3369

(all capital letters in original)

29. The January 23, 2011 collection letter further stated that:

"Our client has agreed, as special tax refund settlement, to accept **$2,334.95** as payment in full provided that this amount is paid by March 31, 2011.

. . .

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

(all bold and capital letters in original document)

30. The January 23, 2011 collection letter was not signed by anyone.

31. Defendant Hosto is an artificial entity and does not possess a law license in the state of Tennessee.

### *March 8, 2011 Collection Lawsuit*

32. On March 8, 2011, Defendants filed a Summons for Civil Warrant and Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). *Redacted copy of March 8, 2011 collection lawsuit filed as Exhibit 2 to this Amended Complaint (hereinafter "Doc. 15-2").*

33.    The Summons for Civil Warrant and the sworn Affidavit were served in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.    Despite the fact that the Sherman Defendants and Defendant Hosto possessed no competent evidence showing that Plaintiff owed the alleged debt, and prior to making a reasonable and adequate investigation as to whether Plaintiff owed the amount of debt alleged, or owed the debt at all, the Sherman Defendants and Defendant Hosto filed the collection lawsuit against Plaintiff knowing that, if challenged by Plaintiff, they would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into the contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was calculated.

35.    The collection lawsuit was filed by the Sherman Defendants and Defendant Hosto seeking to collect: "a money judgment of $3,201.06 plus cost from a suit filed on a sworn account with the principle [sic] sum of $2,208.59 accrued pre-judgment interest of $550.76 accruing at 6% until date of judgment, reasonable attorney's fees in the amount of $441.72, all of which shall bear post-judgment interest of 10% per annum beginning from judgment date". ***See Doc. 15-2, p. 1.***

36.    By making business decisions that, if challenged by Plaintiff, the Sherman Defendants and Defendant Hosto would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into the contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was calculated, they used knowingly false, deceptive, and misleading

representations or means in connection with collection of the alleged debt.

37. By using false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Summons for Civil Warrant that Defendant LVNV was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, the Sherman Defendants and Defendant Hosto falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), and used false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

38. The collection lawsuit filed against Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Summons for Civil Warrant intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the alleged debt.

39. On April 21, 2011, Plaintiff filed a Sworn Denial in the collection lawsuit stating that he had not entered into any agreement with Defendant LVNV for the repayment of debt or otherwise. *Copy of Sworn Denial filed as Exhibit 3 to this Amended Complaint (hereinafter "Doc. 15-3").*

40. Without the contract on which the Defendants allegedly relied to file the collection lawsuit, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Summons for Civil Warrant That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

41. The demand in the Summons for Civil Warrant that Plaintiff owes "$3,201.06 plus cost from a suit filed on a sworn account with the principle [sic] sum of $2,208.59 accrued pre-judgment interest of $550.76 accruing at 6% until date of judgment, reasonable attorney's fees in the amount of $441.72, all of which shall bear post-judgment interest of 10% per annum beginning from judgment date" was for an amount not expressly authorized by the agreement creating the debt or permitted by law. ***See Doc. 15-3, p. 1.***

42. By filing the Summons for Civil Warrant which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt by stating in the Summons for Civil Warrant that the Sherman Defendants were entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest and attorney fees, the Sherman Defendants and Defendant Hosto falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), used false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

43. By filing the Summons for Civil Warrant which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt by stating in the Summons for Civil Warrant that the Sherman Defendants were entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest and attorney fees, the Sherman Defendants and Defendant Hosto falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), used false, deceptive, and misleading representations or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

44. By filing the Summons for Civil Warrant which contained deceptive and misleading representations in connection with collection of the debt while unreasonably relying on HSBC or an assignee of HSBC as to the amount of debt allegedly owed by Plaintiff, without knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest, the Sherman Defendants and Defendant Hosto communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

45. By attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, the Sherman Defendants and Defendant Hosto violated 15 U.S.C. § 1692f(1).

46. The demand in the Summons for Civil Warrant that Plaintiff owes "$3,201.06 plus cost from a suit filed on a sworn account with the principle [sic] sum of $2,208.59 accrued pre-judgment interest of $550.76 accruing at 6% until date of judgment, reasonable attorney's fees in the amount of $441.72, all of which shall bear post-judgment interest of 10% per annum beginning from judgment date" was made by the Sherman Defendants and Defendant Hosto knowing that, if challenged by Plaintiff, they would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into the contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was calculated, or make a reasonable and adequate investigation as to whether Plaintiff owed the amount of debt they were attempting to collect or owed the debt at all, and was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that the Sherman Defendants and Defendant Hosto had attempted to correctly calculate the amount owed based on the terms of the contract Plaintiff allegedly had with the original creditor prior to filing the Summons for Civil Warrant, when they had intentionally made no effort to do, and the amount of debt alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt

47.     An affidavit filed in support of a Summons for Civil Warrant on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. ***See, Tenn. Code Ann. § 24-5-107(a).***

48.     Defendant Batson, who authored the Affidavit, affirmed under penalty of perjury that the following statements are true and correct:

(1)     "I am an Authorized Representative for [Defendant LVNV] . . . and I am authorized to make this affidavit on its behalf, and the information below is true and correct to the best of my information and belief based on Defendant LVNV's] business records."

(2)     "I have personal knowledge regarding [Defendant LVNV's] creation and maintenance of its normal business records, including computer records of its accounts receivables. This information was regularly and contemporaneously maintained during the course of [Defendant LVNV's] business."

(3)     In the ordinary course of business, [Defendant LVNV] regularly acquires revolving credit accounts, installment accounts, service accounts and/or other credit lines. The records provided to [Defendant LVNV] have been represented to include information provided by the original creditor or its successors in interest. Such information includes the debtor's name, social security number, account balance, the identity of the original creditor and the account number."

(4)  "Based on the business records maintained on account XXXXXXXXXXXX0369 [redacted] (hereafter "Account") which are a compilation of the information provided upon acquisition and information obtained since acquisition, the Account is the result of the extension of credit to Ralph Robinson by HSBC/Orchard Bank on or about 01/10/2005 (the "Date of Origination").  Said business records further indicate that the Account was then owned by IDT Carmel, Inc., that IDT Carmel, Inc. later sold and/or assigned Portfolio 12546 to [Defendant LVNV's] assignor which included [Plaintiff's] Account on 01/30/2009 (the "Date of Assignment"), and on the Date of Assignment, all ownership rights were assigned to, transferred to and became vested in [Defendant LVNV] including the right to collect the purchased balance owing of $2,208.59 plus any additional accrued interest".

*See Doc. 15-3, p. 2.*

49.  Prior to signing the Affidavit, Defendant Batson did not review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiffs allegedly owed was correct, because the Sherman Defendants followed their business model of not obtaining records of the originator of the debt that would have allowed Defendant Batson to do so.

50.  Without records of the originator of the debt available for Defendant Batson to review prior to signing the sworn Affidavit, and without Defendant Batson taking the time to attempt to correctly calculate the amount owed by Plaintiff based on the terms of the

contract on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Batson to have the personal knowledge required to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff.

51. Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by the Sherman Defendants or its agents upon request and routinely provided to Defendant Batson and other employees and/or agents of the Sherman Defendants who engage in robo-signing hundreds, if not thousands, of affidavits each day without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law.

52. The form affidavits are attached to and filed with the Civil Summons by debt collection attorneys such as Defendant Hosto.

53. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

54. The statements in Defendant Batson's sworn Affidavit, including, but not limited to:

(1) "I have personal knowledge regarding [Defendant LVNV's] creation and maintenance of its normal business records, including computer records of its accounts receivables";

(2)     "This information was regularly and contemporaneously maintained during the course of [Defendant LVNV's] business";

(3)     "[T]he information below is true and correct to the best of my knowledge, information and belief based on [Defendant LVNV's] business records";

(4)     "Based upon the business records maintained on account . . ."; and

(5)     "Said business records further indicate that . . .",

were simply the regurgitation by Defendant Batson of language from the Tennessee Rules of Evidence, in an intentional attempt to mislead the State court and Plaintiff into believing that Defendant Batson was someone who had personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, when Defendant Batson did not.

55.   The Sherman Defendants and Defendant Hosto intentionally use form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in possession of the Sherman Defendants and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit.

56.   The Sherman Defendants and Defendant Hosto filed the collection lawsuit against Plaintiff in an attempt to collect the debt knowingly using Defendant Batson's sworn Affidavit as the only evidentiary basis to support their claims.

57.   Defendant Batson's demands in the sworn Affidavit for contract interest, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest, were false, deceptive and misleading misrepresentations made without the personal knowledge

required to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

58.    By filing the collection lawsuit against Plaintiff: (1) after making intentional business decisions that they will not obtain competent evidence of the alleged debt, if challenged by Plaintiff, (2) prior to reasonably and adequately investigating whether Plaintiff owed the amount of debt they were attempting to collect, or owed the debt at all, (3) while using a sworn Affidavit signed by Defendant Batson who does not possess the personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit necessary to make a sworn affidavit as to the correctness of the amount owed within the requirements of Tennessee state law, and that knowingly contains false, deceptive, and misleading statements, and (4) with the improper motive of obtaining a default judgment against Plaintiff through intimidation by having Defendant Batson sign the sworn Affidavit in the course of litigation and under penalty of perjury, in order to increase their respective financial bottom lines, the Sherman Defendants and Defendant Hosto violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or

means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

59. By filing the collection lawsuit against Plaintiff: (1) after making intentional business decisions that they will not obtain competent evidence of the alleged debt, if challenged by Plaintiff, (2) prior to reasonably and adequately investigating whether Plaintiff owed the amount of debt they were attempting to collect, or owed the debt at all, (3) while using a sworn Affidavit signed by Defendant Batson who does not possess the personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit necessary to make a sworn affidavit as to the correctness of the amount owed within the requirements of Tennessee state law, and that knowingly contains false, deceptive, and misleading statements, and (4) with the improper motive of obtaining a default judgment against Plaintiff through intimidation by having Defendant Batson sign the sworn Affidavit in the course of litigation and under penalty of perjury, in order to increase their respective financial bottom lines, the Sherman Defendants and Defendant Hosto used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that the Sherman Defendants and Defendant Hosto had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

60. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $2,208.59, Defendant Sherman and its agents communicated credit information to the State court,

the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### *Failure To Include § 1692e(11) Language In Initial or Subsequent Communication – Defendant Sherman*

61.   The FDCPA states:

> "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).

62.   The FDCPA states:

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

63.   The sworn Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

64.   The sworn Affidavit is not a formal pleading made in connection with a legal action.

65.   If the sworn Affidavit is the initial written communication by Defendant Sherman with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, Defendant Sherman failed to disclose in the sworn Affidavit that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

66.   If the sworn Affidavit is a subsequent communication by Defendant Sherman with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, Defendant Sherman failed to disclose in the sworn Affidavit that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

***Failure of Defendant Sherman to Send a Written Notice Containing
Plaintiff's Right to Dispute the Debt and Obtain Other Information Within
Five Days After the Initial Communication – Sworn Affidavit***

67.     If the Sworn Affidavit is the initial written communication by Defendant Sherman with

Plaintiff in connection with collection of the debt that is not a formal pleading made in

connection with a legal action, then none of the information listed below was contained

in the Sworn Affidavit ("initial communication"), and within five days after the initial

communication with Plaintiff in connection with collection of the debt that is not a formal

pleading made in connection with a legal action, Plaintiff had not paid the debt, and

Defendant Sherman had failed to send Plaintiff a written notice containing—

(a)     A statement that unless Plaintiff, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by Defendant Sherman;

(b)     A statement that if Plaintiff notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, Defendant

Sherman will obtain verification of the debt or a copy of a judgment against the

Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff

by Defendant Sherman; and

(c)     A statement that, upon Plaintiff's written request within the thirty-day period,

Defendant Sherman will provide Plaintiff with the name and address of the

original creditor, if different from the current creditor.

68.     Within five days after the "initial communication" with Plaintiff in connection with

collection of the debt in the form of the Sworn Affidavit, and within one year prior to the

filing of the original complaint, Defendant Sherman failed to send Plaintiff a written

notice containing the above rights and information, in violation of 15 U.S.C. §§ 1692g(a)(3) - (5).

### *Failure To Include § 1692e(11) Language In Initial or Subsequent Communication – Defendant LVNV*

69.     The FDCPA states:

> "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

70.     The FDCPA states:

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

71.     The sworn Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

72.     The sworn Affidavit is not a formal pleading made in connection with a legal action.

73.     If the sworn Affidavit is the initial written communication by Defendant LVNV with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, Defendant LVNV failed to disclose in the sworn Affidavit that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

74.     If the sworn Affidavit is a subsequent communication by Defendant LVNV with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, Defendant LVNV failed to disclose in the sworn Affidavit that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

Case 2:12-cv-00030-CLC-WBC   Document 15   Filed 05/13/12   Page 21 of 31   PageID #: 119

**Failure of Defendant LVNV to Send a Written Notice Containing
Plaintiff's Right to Dispute the Debt and Obtain Other Information Within
Five Days After the Initial Communication – Sworn Affidavit**

75.     If the Sworn Affidavit is the initial written communication by Defendant LVNV with

Plaintiff in connection with collection of the debt that is not a formal pleading made in

connection with a legal action, then none of the information listed below was contained

in the Sworn Affidavit ("initial communication"), and within five days after the initial

communication with Plaintiff in connection with collection of the debt that is not a formal

pleading made in connection with a legal action, Plaintiff had not paid the debt, and

Defendant LVNV had failed to send Plaintiff a written notice containing—

(d)     A statement that unless Plaintiff, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by Defendant LVNV;

(e)     A statement that if Plaintiff notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, Defendant

LVNV will obtain verification of the debt or a copy of a judgment against the

Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff

by Defendant LVNV; and

(f)     A statement that, upon Plaintiff's written request within the thirty-day period,

Defendant LVNV will provide Plaintiff with the name and address of the

original creditor, if different from the current creditor.

76.     Within five days after the "initial communication" with Plaintiff in connection with

collection of the debt in the form of the Sworn Affidavit, and within one year prior to the

filing of the original complaint, Defendant LVNV failed to send Plaintiff a written notice

containing the above rights and information, in violation of 15 U.S.C. §§ 1692g(a)(3) -

(5).

### *Failure To Include § 1692e(11) Language In Initial or Subsequent Communication – Defendant Resurgent*

77.     The FDCPA states:

> "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

78.     The FDCPA states:

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

79.     The sworn Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

80.     The sworn Affidavit is not a formal pleading made in connection with a legal action.

81.     If the sworn Affidavit is the initial written communication by Defendant Resurgent with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, Defendant Resurgent failed to disclose in the sworn Affidavit that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

82.     If the sworn Affidavit is a subsequent communication by Defendant Resurgent with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, Defendant Resurgent failed to disclose in the sworn Affidavit that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

***Failure of Defendant Resurgent to Send a Written Notice Containing***
***Plaintiff's Right to Dispute the Debt and Obtain Other Information Within***
***Five Days After the Initial Communication – Sworn Affidavit***

83.     If the Sworn Affidavit is the initial written communication by Defendant Resurgent with Plaintiff in connection with collection of the debt that is not a formal pleading made in connection with a legal action, then none of the information listed below was contained in the Sworn Affidavit ("initial communication"), and within five days after the initial communication with Plaintiff in connection with collection of the debt that is not a formal pleading made in connection with a legal action, Plaintiff had not paid the debt, and Defendant Resurgent had failed to send Plaintiff a written notice containing—

   (g)     A statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant Resurgent;

   (h)     A statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant Resurgent will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant Resurgent; and

   (i)     A statement that, upon Plaintiff's written request within the thirty-day period, Defendant Resurgent will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

84.     Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the Sworn Affidavit, and within one year prior to the filing of the original complaint, Defendant Resurgent failed to send Plaintiff a written

notice containing the above rights and information, in violation of 15 U.S.C. §§ 1692g(a)(3) - (5).

*Collection Service Licensing – Defendant Sherman*

85.    "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

86.    No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

87.    Defendant Sherman is a "collection service" as defined by Tennessee state law.

88.    As of the date of the filing of the collection lawsuit against Plaintiff, Defendant Sherman did not possess a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.

89.    By attempting to collect the debt from Plaintiff at a time when not licensed as a collection service by the Tennessee Collection Service Board, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Collection Service Licensing – Defendant LVNV*

90.    "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has**

**received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

91.    No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

92.    Defendant LVNV is a "collection service" as defined by Tennessee state law.

93.    As of the date of the filing of the collection lawsuit against Plaintiff, Defendant LVNV did not possess a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.  Defendant LVNV had filed an application with the Tennessee Collection Service Board to request it be issued a valid collection service license, but allowed the application to expire.

94.    By attempting to collect the debt from Plaintiff at a time when not licensed as a collection service by the Tennessee Collection Service Board, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

### *Collection Service Licensing – Defendant Hosto*

95.    "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3). (emphasis added)

96.   "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation.  Tenn. Code Ann. § 62-20-102(2)

97.   No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

98.   Defendant Hosto is a "collection service" as defined by Tennessee state law.

99.   Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter.  Tenn. Code Ann. § 62-20-118.

100.   Defendant Hosto has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

101.   The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law.  Tenn. Code. Ann. § 62-20-103(a)(2).

102.   The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys as being "**applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys**."  See, Tennessee Attorney General ("TAG") Opinion No. 00-105.  *Copy of the TAG Opinion is filed as Exhibit 4 to this Amended Complaint (hereinafter "Doc. 15-4").*

103.   Neither Attorney Hosto nor Attorney Sexton was retained individually for their services as attorneys to collect the debt allegedly owed to Defendant LVNV and neither signed the March 8, 2011 collection lawsuit or the January 23, 2011 collection letter.

104. There is no exemption allowed Defendant Hosto under the Tennessee Collection Service Act, and Defendant LVNV could only have hired Defendant Hosto as a collection service and not for its services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

105. Defendant LVNV failed to determine that Defendant Hosto was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

106. By attempting to collect the debt from Plaintiff at a time when Defendant Hosto was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Hosto violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

107. The failure of Defendant Hosto to become licensed by the Tennessee Collection Service Board when they could have only been hired as a collection service and not for its services as attorneys would mislead the least sophisticated consumer by suggesting that Defendant Hosto had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

*False Representation of the Amount of the Debt*

108. The March 8, 2011 collection lawsuit filed and served by the Sherman Defendants and Defendant Hosto stated that the amount of debt allegedly owed by Plaintiff to Defendant LVNV was $3,201.06.

109. The January 23, 2011 collection letter from Defendant Hosto stated that the amount of debt allegedly owed by Plaintiff was only $2,747.00.

110.    By overstating the amount of debt allegedly owed by Plaintiff in the March 8, 2011 collection lawsuit, the Defendants falsely represented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

111.    By stating that Defendant Hosto was entitled to attorney fees in the amount of $441.72 in the March 8, 2011 collection lawsuit when no court had made a determination that those were owed, the Defendants falsely represented the amount of compensation Defendant Hosto may lawfully receive, in violation of 15 U.S.C. § 1692e(2)(B).

### *Summary*

112.    The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

113.    In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Batson and Hosto as agents for the Sherman Defendants and who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principals, the Sherman Defendants.

114.    The acts and omissions by Defendants Batson and Hosto were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by the Sherman Defendants in collecting consumer debts.

115.    By committing these acts and omissions against Plaintiff, Defendants Batson and Hosto were motivated to benefit their principals, the Sherman Defendants.

116. The Sherman Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by the Sherman Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

117. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*

118. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

119. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

120. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

05/13/12                              Respectfully submitted,

                                      **RALPH ROBINSON**


                                      /s/       Alan C. Lee
                                      Alan C. Lee, Esq., BPR # 012700
                                      Attorney for Plaintiff
                                      P. O. Box 1357
                                      Talbott, TN 37877-1357
                                      (423) 736-0201
                                      info@alanlee.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic case filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic case filing system.

                                      /s/       Alan C. Lee
                                      Alan C. Lee, Esq., Attorney for Plaintiff