UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RALPH ROBINSON,                      )
                                     )
            Plaintiff,               )
                                     )     2:12-CV-30
v.                                   )
                                     )     Judge Curtis L. Collier
SHERMAN FINANCIAL GROUP, LLC,        )
LVNV FUNDING, LLC,                   )
RESURGENT CAPITAL SERVICES, LP,      )
R. SCOTT BATSON, and                 )
HOSTO & BUCHAN, PLLC,                )
                                     )
            Defendants.              )

## **MEMORANDUM**

Before the Court is a joint motion to dismiss Plaintiff's First Amended Complaint filed by

Defendants Sherman Financial Group, LLC ("Sherman"), LVNV Funding, LLC ("LVNV"),

Resurgent Capital Services, LP ("Resurgent"), and R. Scott Batson ("Batson") (collectively, the

"LVNV Defendants") (Court File No. 18).[1]  Defendant Hosto & Buchan, PLLC ("Hosto") did not

join in this motion.[2] Plaintiff Ralph Robinson ("Plaintiff") submitted a response (Court File No. 21)

and the LVNV Defendants submitted a reply (Court File No. 22). For the following reasons, the

Court will **GRANT IN PART** and **DENY IN PART** the LVNV Defendants' joint motion to dismiss

Plaintiff's First Amended Complaint (Court File No. 18).

---

[1] The LVNV Defendants also filed a motion to dismiss Plaintiff's original complaint (Court File No. 11). Because Plaintiff subsequently filed an amended complaint and the LVNV Defendants filed the instant motion, the Court will **DENY as MOOT** the LVNV Defendants' motion to dismiss Plaintiff's original complaint (Court File No. 11).

[2] When referring to both the LVNV Defendants and Defendant Hosto, the Court will refer to the parties collectively as "Defendants."

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

At issue is Plaintiff's credit card debt allegedly owed to and serviced by HSBC/Orchard Bank ("HSBC") (Court File No. 15 ("Am. Compl."), ¶ 10). When the debt went into default, it was transferred to Defendants for collection (*id.* ¶ 11). On January 23, 2011, Defendant Hosto sent a collection letter to Plaintiff (*id.* ¶ 24). Then, on March 8, 2011, Defendants filed a summons for civil warrant and an affidavit against Plaintiff in state court (*id.* ¶ 32). The demand in the summons states Plaintiff owes "a money judgment of $3,201.06 plus cost from a suit filed on a sworn account with the principle [sic] sum of $2,208.59 accrued pre-judgment interest of $550.76 accruing at 6% until date of judgment, reasonable attorney's fees in the amount of $441.72, all of which shall bear post-judgment interest of 10% per annum beginning from judgment date" (*id.* ¶¶ 35, 41; Court File No. 15-2). The affidavit, which was filed in support of the summons, was authored by Defendant Batson (Am. Compl. ¶¶ 47-48; Court File No. 15-3).

On January 23, 2012, Plaintiff filed a complaint in this Court against Defendants alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Court File No. 1). Plaintiff filed an amended complaint on May 13, 2012, again alleging violations of the FDCPA (Court File No. 15). Plaintiff alleges, *inter alia*, the following violations against some or all of the Defendants: that they (1) falsely represented the character, amount, and legal status of the debt and the compensation that may be lawfully received by the debt collector for the collection of the debt, §§ 1692e(2)(A) and (B); (2) used false, deceptive, and misleading representations or means in connection with the collection of Plaintiff's debt or the attempt to collect the debt, §§ 1692e and e(10); (3) used unfair or unconscionable means to collect or attempt to collect Plaintiff's

debt, § 1692f; (4) communicated credit information to the state court, the general public, and Plaintiff that they knew or should have known was false, § 1692e(8); (5) threatened to take action that could not legally be taken, § 1692e(5); (6) attempted to collect amounts not expressly authorized by the agreement creating Plaintiff's debt or permitted by law, § 1692f(1); (7) failed to disclose the requisite information for initial and subsequent communications, §1692e(11); and (8) failed to send a written notice to Plaintiff within five days of the initial communication, § 1692g(a)(3)-(5) (*see* Am. Compl. ¶¶ 37-119).

Plaintiff further contends Defendants engaged in a "pattern and practice" of filing debt collection lawsuits

> (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) using sworn affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess the personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit necessary to make a sworn affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers who are intimidated by the sworn affidavits because they are made in the course of litigation and under penalty of perjury; all done in order to increase [LVNV, Sherman, and Resurgent] and Defendant Hosto'[s] respective financial bottom lines.

(*id.* ¶ 22). Plaintiff also avers, among other things, that the affidavit attached to and filed with the summons in state court was a false representation (*see id.* ¶¶ 49-57), and that Defendants Sherman, LVNV, and Hosto violated the FDCPA by failing to obtain a "collection service" license from the Tennessee Collection Service Board prior to attempting to collect a debt from Plaintiff (*see id.* ¶¶ 85-107). Plaintiff seeks actual damages, statutory damages, and attorney's fees and costs (*id.* ¶ 120).

3

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4

## III.     DISCUSSION

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). Courts should "begin with the language of the statute itself" when interpreting the FDCPA. *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999). Courts also should use the "'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)). By using the "least sophisticated consumer" standard, courts can ensure "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir.2008) (quotation marks and citations omitted)).

The LVNV Defendants seek to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for his failure to state a claim under the FDCPA upon which relief can be granted. The Court will address each of the LVNV Defendants' arguments below.

### A.     Section 1692e violations pertaining to the collection lawsuit and the affidavit

Section 1692e of the FDCPA generally provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To establish a violation of § 1692e, "(1) plaintiff[] must be a 'consumer' as defined by 15 U.S.C. § 1692; (2) the 'debt' must arise[] out of transactions which are 'primarily for personal, family or

5

household purposes' (*see* 15 U.S.C. § 1692a(5)); (3) defendant must be a 'debt collector' as defined by 15 U.S.C. § 1692a(6); and (4) defendant must have violated § 1692e's prohibitions." *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). At issue here are the following provisions of § 1692e, which prohibit the following:

> (2) The false representation of--
>   (A) the character, amount, or legal status of any debt; or
>   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.[3]

Here, Plaintiff alleges the LVNV Defendants violated § 1692e and the above provisions in several ways. First, Plaintiff alleges the LVNV Defendants filed a collection lawsuit against Plaintiff although they knew, if challenged, they would be unable to gather "competent evidence" to show "(1) that Plaintiff had entered into the contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was calculated" (Am. Compl. ¶ 34). Plaintiff also alleges that the LVNV Defendants' decision to proceed with the lawsuit in this manner was a business decision that was part of a larger "pattern and practice" used by Defendants to collect

---

[3] The Court will not expressly address Plaintiff's § 1692e(5) claim in this context because the LVNV Defendants glossed over this claim with no discussion as to why it should be dismissed. The Court will, however, discuss it later in this memorandum as it pertains to other facts alleged in Plaintiff's amended complaint.

debts (*see id.* ¶¶ 22, 36). Plaintiff further contends the LVNV Defendants used false, deceptive, and misleading representations or means in connection with the collection of the debt "by stating in the Summons for Civil Warrant that Defendant LVNV was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit exists" (*id.* ¶ 37). Finally, Plaintiff avers the collection lawsuit claim against him was defective because it was "knowingly based on false, deceptive, and misleading statements in the sworn affidavit" (*id.* ¶ 38). This and other conduct, according to Plaintiff, resulted in the LVNV Defendants violating §§ 1692e, e(2)(A), e(2)(B), (8), and (10). The LVNV Defendants, on the other hand, argue as a threshold matter that Plaintiff has not demonstrated Defendants are "debt collectors." Alternatively, the LVNV Defendants argue Plaintiff has failed to make out any of the above claims.

### 1. "Debt Collector"

As a preliminary matter, the LVNV Defendants contend they are not "debt collectors" as defined in 15 U.S.C. § 1692a. They claim LVNV was merely an "owner" of the debt and was, therefore, not a debt collector. They also contend Sherman and Resurgent are not debt collectors because they are merely related entities to LVNV. Plaintiff, however, argues LVNV, Sherman, and Resurgent are all "debt collectors" for purposes of the FDCPA.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include persons "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to

the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." *Id.* In contrast, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed," though it does not include "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Although the LVNV Defendants do not contend they are "creditors," the Court finds the following case instructive because in the midst of distinguishing between creditors and debt collectors it provides additional guidance on the meaning of the term debt collector. In *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012), the United States Court of Appeals for the Sixth Circuit considered, as to a specific debt, whether an entity that acquires the debt and seeks to collect on that debt could avoid being both a creditor or debt collector. The Sixth Circuit explained that "[b]oth the statutory language and legislative history of the FDCPA establish that such an entity is either a creditor or a debt collector and its collection activities are covered under the FDCPA accordingly." *Id.* Further, the court noted § 1692a(6)(F)(iii) provides guidance on how to distinguish between whether the entity is properly characterized as a creditor or debt collector. *Id.* Specifically, "[f]or an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector *depending on the default status of the debt at the time it was acquired.*" *Id.* (emphasis added). *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (noting "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not"); *see also F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007).

Here, the LVNV Defendants admit LVNV "owned" the debt at issue and Plaintiff has alleged

the debt was in default at the time LVNV attempted to collect on it (*see* Am. Compl. ¶ 11). Moreover, Plaintiff has alleged LVNV, Sherman, and Resurgent operate as a "debt buying enterprise." Plaintiff avers Sherman owns 100% of the shares and interests in LVNV and Resurgent (*id.* ¶ 12). Moreover, the three operate as a "single business operation," in which Sherman handles management issues, LVNV holds title to the various debt portfolios that have been purchased, and Resurgent operates as the "servicer" or "front for contact with the targeted debtor-consumers" (*id.*).[4] Taking all of this into account, while LVNV may not have been collecting debt "owed or due another," it can still be considered a debt collector for purposes of § 1692a given its role as the owner of a debt that was in default who subsequently attempted to collect on that debt. Moreover, Plaintiff has sufficiently alleged that the actions of the three defendants collectively who operate as one business operation that purchases and attempts to collect on charged-off consumer debts satisfy the definition of § 1692a. Accordingly, the Court concludes this ground for dismissal must fail.[5]

### 2. Violations of § 1692e

---

[4] Plaintiff also avers "Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. . . . [I]t serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation" (*id.* ¶ 15).

[5] As another threshold matter, the LVNV Defendants attempt to argue Plaintiff failed to dispute the debt or plead that he did not owe the underlying debt. The LVNV Defendants contend Plaintiff's failure to expressly plead these facts goes toward whether there was even a "debt" at issue, among other things. However, in Plaintiff's amended complaint, he sufficiently alleges that a credit card debt as defined by 15 U.S.C. § 1692(a)(5) allegedly owed to or serviced by HSBC is at issue (Am. Compl. ¶ 10). He further notes that the debt, as has been alleged by Defendants, was incurred due to "an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes" (*id.*). Finally, he alleges that, upon the filing of the collection lawsuit, he filed a sworn denial stating he had not entered into such an agreement with LVNV (*id.* ¶ 39). This is sufficient for general pleading purposes given that the basis of Plaintiff's complaint is that the LVNV Defendants violated the FDCPA in attempting to collect this alleged debt.

9

The LVNV Defendants more broadly claim Plaintiff has failed to plausibly allege violations of § 1692e. Specifically, they claim they did not violate § 1692e(2)(A) because Plaintiff did not plead in his amended complaint that Defendants falsely represented the fact of the debt itself or the amount of the debt. The LVNV Defendants further argue Plaintiff has failed to sufficiently plead a violation of § 1692e(2)(B) because he did not plead any facts that would suggest Defendants made a false representation. The LVNV Defendants also argue Plaintiff has failed to state a claim upon which relief can be granted under § 1692e(8) because he has not pleaded plausible facts demonstrating the information communicated to the state court, the public, or Plaintiff was false or that Defendants knew or should have known it was false. They further claim Plaintiff's allegations with respect to the Batson affidavit fail to state a claim because he fails to allege facts that would suggest he did not incur the underlying debt or that the agreement itself did not provide for interest and fees. They also contend there was no violation of § 1692e(10) because they did not make any false representations or use any false means to collect the alleged debt. Finally, the LVNV Defendants make the overarching argument that Plaintiff is mistaken in believing the filing of a collection lawsuit and affidavit, without having any immediate means to prove the alleged debt, is sufficient to make out a violation of the FDCPA.

Plaintiff, however, argues the allegations contained in his amended complaint are much broader than the LVNV Defendants would have the Court believe. Most notably, Plaintiff argues he is not alleging that the mere filing of a collection lawsuit without the means to immediately prove the debt is an FDCPA violation. On the contrary, Plaintiff points to the broader set of facts alleged in his amended complaint, which he contends is sufficient to support his causes of action. He also claims other courts in this circuit have found similar facts in support of similar claims were adequate

10

for purposes of surviving a motion to dismiss.

As both parties have correctly noted, the mere filing of a lawsuit without the immediate means to prove the debt owed is insufficient to establish a violation of § 1692e. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331-32 (6th Cir. 2006); *Deere v. Javitch, Block & Rathbone LLP*, 413 F. Supp. 2d 886, 890-91 (S.D. Ohio 2006). For instance, in *Harvey*, the Sixth Circuit concluded the plaintiff had failed to plausibly allege facts in her complaint to establish a violation of § 1692e(10). The Sixth Circuit observed Harvey "never denied in her complaint that she owed Seneca a debt, nor did she claim that Seneca and Javitch misstated or misrepresented the amount that she owed." *Harvey*, 453 F.3d at 332. Thus, the court concluded the plaintiff's allegations against the defendants failed to establish the defendants "made 'false representations' or used means that were 'deceptive' in the traditional sense" pursuant to § 1692e(10). *Id.* Similarly, in *Deere*, the district court granted the defendants' motion to dismiss on the grounds that the plaintiff's complaint--which the district court observed was remarkably similar to the complaint filed before the district court in *Harvey*--failed to state a claim under, *inter alia*, 1692e, 1692e(10), and 1692f because it did not allege the state court collection complaint or attached affidavit contained a false representation. *Deere*, 413 F. Supp. 2d at 890. The Court observed:

> filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. Deere does not allege that anything in the state court complaint was false, or that the complaint was baseless. She essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.

*Id.* at 891.

In contrast, district courts have been more amenable to concluding a plaintiff has plausibly

pleaded facts in support of a § 1692e claim when the plaintiff's theory goes beyond that alleged in cases like *Deere* and *Harvey*. For instance, in *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007), the district court concluded the plaintiff had plausibly alleged a violation of, *inter alia*, § 1692e and e(10) because she alleged the defendants "knew or should have known that the 'account specialist' who executed the affidavit lacked personal knowledge of the matters she was attesting to in the affidavit. This alleges more than a lack of an adequate 'paper trail' in the hands of the attorney." *See also Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 947-48 (S.D. Ohio 2005) (concluding the plaintiff stated a claim under § 1692e(2) and e(10) after observing courts have recognized such claims where the debt collector has filed a collection complaint and attached an affidavit that "allegedly misrepresented the amount of the debt or the debt collector's legal claim upon the debt" or where the affidavit contained "false and frivolous assertions"); *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1303 (N.D. Ga. 2010) (concluding the plaintiff had sufficiently alleged violations of the FDCPA for reasons similar to those in *Williams* in light of the plaintiff's "allegation of a pattern and practice of abusive, scattershot litigation to collect debts").

Even more recently, a district court in the Eastern District of Tennessee reached a similar conclusion to the courts in *Williams*, *Delawder*, and *Kuria*. The court found the plaintiff had sufficiently alleged a § 1692e(10) claim against the defendants noting

> In the instant case, however, plaintiff has averred that "[Defendant PRA] intentionally used a deceptive and misleading misrepresentation in connection with collection of the debt as to the amount of debt allegedly owed by plaintiff and the fact that Plaintiff owed the alleged debt at all[ ]" [Doc. 1, ¶ 27]. Construed in the light most favorable to plaintiff, this is an allegation that the civil warrant in the state court lawsuit falsely represented the character, amount, or status of the debt and sought to collect amounts not authorized by an agreement. Furthermore, also similar to the allegations in *Williams* and *Kuria*, plaintiff alleges that PRA engages in a

12

> "pattern and practice of filing" similar lawsuits with false affidavits and that PRA uses virtually identical form affidavits alleging facts not in PRA's possession due to lack of proper information.
>
> Similar to *Williams*, *Delawder*, and *Kuria*, plaintiff also alleges that the affidavit by Ms. Stephens contains false statements made without personal knowledge. While the Court agrees with defendants that plaintiff has not pointed to any specific statements in the affidavit about plaintiff's account or the debt that plaintiff alleges to be factually false, from the Court's review of *Williams*, *Delawder*, and *Kuria*, it does not appear that the plaintiffs in those cases provided more detailed factual allegations regarding the alleged falsity of the contents of those affidavits.

*Simmons v. Portfolio Recovery Associates, LLC*, 3:11-CV-280, 2012 WL 222935, at *4-5 (E.D. Tenn. Jan. 25, 2012).

Here, construing the amended complaint in the light most favorable to Plaintiff, Plaintiff's amended complaint plausibly alleges facts sufficient to survive the LVNV Defendants' 12(b)(6) motion. Unlike *Harvey* and *Deere*, Plaintiff's allegations go beyond just averring Defendants filed a collection lawsuit in state court without having the immediate means to prove the debt. Instead, Plaintiff specifically alleges LVNV, Sherman, Resurgent, and Hosto "used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Summons for Civil Warrant that Defendant LVNV was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed" (*see* Am. Comp. ¶¶ 37, 42-43). As additional context, Plaintiff alleges LVNV, Sherman, Resurgent, and Hosto's acts were part of a larger business model--that is, they were engaged in a "pattern and practice"--in which they intentionally decided that, if the collection lawsuit was challenged by a consumer, they would not obtain "competent evidence of the alleged debt"; would not engage in a reasonable or adequate investigation prior to filing the lawsuit; would use sworn affidavits

containing false, deceptive, and misleading statements by individuals without personal knowledge; and would act with the intent of obtaining default judgments with respect to 95% or more of consumers (*id.* ¶ 22). Moreover, particularly with respect to Defendant Batson's sworn affidavit, Plaintiff alleges Defendants LVNV, Sherman, and Resurgent adhered to a business model of not reviewing the records of the party that originally owned the debt and having Batson sign a sworn affidavit without personal knowledge of the terms of the contract pertaining to the debt. Plaintiff contends the demands in the affidavit were false, deceptive, and misleading representations.

As was true in *Simmons* and the cases cited there, Plaintiff's allegations here about the false, deceptive, and misleading representations made by Defendants--especially as they pertain to the filing of the civil warrant and accompanying affidavit--are sufficient for purposes of alleging violations of § 1692(e). In particular, Plaintiff has sufficiently alleged the LVNV Defendants (1) falsely represented the character, amount and legal status of Plaintiff's debt; (2) falsely sought compensation for the alleged debt; (3) communicated information which they knew or should have known to be false to the state court, general public, and Plaintiff; and (4) used a false representation or deceptive means to collect or attempt to collect Plaintiff's alleged debt.

Finally, as the court noted in *Simmons*, the plaintiffs in *Williams*, *Delawder*, and *Kuria* did not provide detailed factual allegations on every matter, yet their allegations taken together were sufficient for purposes of alleging violations of the FDCPA and surviving a motion to dismiss. *Simmons*, 2012 WL 222935, at *5. Similarly, while Plaintiff's amended complaint--which was thirty-one pages in length--did not allege with specificity every single allegation at issue, taken together as a whole, Plaintiff has satisfied the pleading requirement for Fed. R. Civ. P. 8(a) on these claims.

**B. Section 1692f and f(1)**

The LVNV Defendants also argue Plaintiff has failed to state a claim under §§ 1692f and

1692f(1) with respect to the filing of the collection lawsuit. Sections 1692f and f(1) provide:

> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
>> (1) The collection of any amount (including any interest, fee, charge, or
>> expense incidental to the principal obligation) unless such amount is
>> expressly authorized by the agreement creating the debt or permitted by law.
>> . . .

15 U.S.C. § 1692f. As noted in *Simmons*, "plaintiff's allegations that the state court lawsuit was

supported by an affidavit that contained false or deceptive representations about the status or

character of the underlying debt, and allegations of a pattern and practice of filing similar lawsuits--

allegations which the Court must take as true and construe most favorably towards plaintiff--could

be deemed 'unfair or unconscionable' in violation of the FDCPA along the same line of *Williams*,

*Delawder*, and *Kuria*." *Simmons*, 2012 WL 222935, at *5. Here, as noted above, Plaintiff has

sufficiently alleged that the civil warrant and accompanying affidavit contained false, deceptive, and

misleading representations. Moreover, Plaintiff has more broadly alleged that Defendants' conduct

in this case was consistent with their general "pattern and practice" of collecting debts. Thus,

sufficient grounds exist to find Plaintiff has sufficiently alleged violations of §§ 1692f and f(1).

**C. Section 1692e(11)**

The LVNV Defendants contend Plaintiff's § 1692e(11) claim against LVNV, Sherman, and

Resurgent should be dismissed. The LVNV Defendants contend the Batson affidavit, which was

attached to the civil warrant, was a "formal pleading" as opposed to an initial or subsequent

"communication" as alleged in the amended complaint. The LVNV Defendants argue the affidavit

15

is exempt under § 1692e(11) and therefore does not need to include the requisite disclosure information also commonly referred to as the "mini-Miranda" language. Plaintiff, in its response brief, fails to directly address the LVNV Defendants' arguments as to why these claims should not be dismissed.[6] Therefore, Plaintiff's failure to address this issue in its brief will be viewed as a waiver of any objection raised by the LVNV Defendants. Accordingly, Plaintiff's claims brought pursuant to 15 U.S.C. § 1692e(11) are dismissed.

### D.      Section 1692g(a)(3)-(5)

The LVNV Defendants argue Plaintiff's § 1692g(a)(3)-(5) claims should be dismissed with respect to Defendants LVNV and Sherman. They contend Sherman is not liable under any circumstances and LVNV is not a "debt collector" and therefore cannot be liable under these specific provisions. Section 1692g states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> . . .
>
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

---

[6] In fact, the only mention of 15 U.S.C. § 1692e(11) is in the "statement of facts" of the brief, where Plaintiff gives a brief recitation of the alleged facts in the amended complaint, and at the beginning of the legal analysis section where Plaintiff restates the specific FDCPA claims alleged against the LVNV Defendants. Nowhere in the "legal argument" section does Plaintiff directly address the issues raised by the LVNV Defendants.

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. U.S.C. § 1692g.

At issue is whether Defendants Sherman and LVNV can be liable under § 1692g for failing to mail Plaintiff a written notice within the requisite time period when Plaintiff contends neither is a "debt collector" as defined in § 1692a. As the Court noted earlier, Plaintiff has sufficiently alleged Defendants Sherman, Resurgent, and LVNV are "debt collectors" given that they operate as a "single business operation" and together purchase and attempt to collect on charged-off consumer debts. Additional evidence may prove this to be untrue, but at this stage, the Court must take the allegations alleged in the amended complaint as true. Accordingly, the Court must deny the LVNV Defendants' motion to dismiss on this grounds.

E.     **Violations of §§ 1692e(5), 1692e(10),1692f, and 1692f(1) with respect to the licensing requirements**

Finally, the LVNV Defendants aver Plaintiff has failed to state a cause of action against Defendants Sherman and LVNV under 15 U.S.C. §§ 1692e(5), 1692e(10), 1692f, and 1692f(1) with respect to the Tennessee licensing requirement. In the amended complaint, Plaintiff alleges both Sherman and LVNV are "collection services" under Tennessee law but neither possessed a valid collection service license by the Tennessee Collection Service Board when they attempted to collect the debt from Plaintiff. Plaintiff contends their failure to obtain proper licensure under the Tennessee Collection Service Act, Tenn. Code Ann. §§ 62-20-101 *et seq.*, was a violation of the FDCPA. The LVNV Defendants, however, aver neither Sherman nor LVNV are required to be licensed under the Tennessee Collection Service Act. Therefore, they are not in violation of the FDCPA.

The Tennessee Collection Service Act provides "[n]o person shall commence, conduct or

17

operate any collection service business in this state unless the person holds a valid collection service license issued by the board under [the Tennessee Collection Service Act] or prior state law." Tenn. Code Ann. § 62-20-105(a). A "collection service" is defined as "any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity." § 62-20-102(3).

Because Plaintiff contends Sherman and LVNV are not properly licensed under the Tennessee Collection Service Act, he concludes the two defendants are acting in violation of the FDCPA, particularly §§ 1692e(5), 1692e(10), 1692f, and 1692f(1). A violation of § 1692e(5) pertains to "[t]he threat to take any action that cannot legally be taken . . ." and § 1692e(10) pertains to "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." Section 1692f pertains to whether the debt collector used "unfair or unconscionable means" in its efforts to collect the debt and, § 1692f(1) in particular, addresses whether those means were used with respect to "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

First, with respect to the Tennessee Collection Service Act, the LVNV Defendants contend Sherman was not an owner of the debt and cannot be liable and, even assuming LVNV was the owner, LVNV would be exempted pursuant to Tenn. Code Ann. § 62-20-103(b). Section 62-20-103(b) provides "[n]othing contained within this chapter shall be construed to require an individual or business entity that collects only the individual's or its own unpaid accounts to submit to licensure

18

or regulation by the collection service board." However, Plaintiff's amended complaint alleges the LVNV Defendants collectively do more than just collect on an individual's or its own unpaid accounts; it alleges they are collecting on purchased accounts. Such conduct falls within the broader definition of a "collection service," which includes the actions of anyone collecting or attempting to collect on "delinquent accounts, bills or other forms of indebtedness" without regard to whether the person "received the indebtedness by assignment" or whether "the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity." Tenn. Code Ann. § 62-20-102(3). *See Smith v. LVNV Funding, L.L.C.*, 2:11-CV-379, 2012 WL 3890255, at *3 n.5 (E.D. Tenn. Sept. 7, 2012) (noting, although the issue need not be decided because the issue had not been challenged by the parties, the court had recently held in another matter "that the [Tennessee Collection Service Act] does require that an entity 'which purchases due accounts and then attempts to collect on those accounts' falls within the requirement of the statute for licensure"); *see also* Tenn. Op. Att'y Gen. No. 97-131, 1997 WL 654201, at *4 (Sept. 23, 1997) (opining, with respect to a prior version of 62-20-102(3) that "entities which purchase due accounts for the purpose of collecting on them do not fall within any of the exceptions set forth in Tenn. Code Ann. § 62-20-103, and are therefore not exempt from the licensure requirements set forth at Tenn. Code Ann. § 62-20-105").

The LVNV Defendants contend this interpretation is no longer accurate because of the "Clarification Statement" issued by the Tennessee Collection Service Board pertaining to "passive debt buyers." The "Clarification Statement of the Tennessee Collection Service Board Regarding Debt/Judgment Purchasers and 'Passive' Debt Buyers" states the following:

> It is currently the opinion of the Tennessee Collection Service Board that entities who

19

purchase judgments or other forms of indebtedness will be deemed a "collection service" if they collect or attempt to collect the debt or judgment subsequent to their purchase of the debt or judgment. However, entities who purchase debt or judgments in the manner described above but who do not collect or attempt to collect the purchased debt or judgment, but rather assign collection activity relative to the purchased debt to a licensed collection agency or a licensed attorney or law firm shall not be deemed to be a "collection service".

Tennessee Collection Service Board, *Clarification Statement of the Tennessee Collection Service Board Regarding Debt/Judgment Purchasers and 'Passive' Debt Buyers*, http://www.tn.gov/regboards/collect/documents/CSBCLARIFICATIONSTATEMENTREGARDINGDEBT.pdf. Highlighting the latter part of this statement, the LVNV Defendants argue the Tennessee Collection Service Board has made clear, contrary to any previous interpretation, that a "passive debt buyer"--that is, someone who purchases debts but assigns the act of collection to a licensed collection agency, attorney, or law firm--is not a "collection service."

The LVNV Defendants are correct that this statement stands in stark contrast to § 62-20-102(3). However, as noted by Plaintiff, the Tennessee legislature revised § 62-20-102(3) after the Clarification Statement was issued by the Tennessee Collection Service Board.[7] Thus, to the extent there is a conflict between the language in the statute and the guidance provided by the Board, the Court must follow the language in the statute. Accordingly, Plaintiff has sufficiently alleged Sherman and LVNV failed to obtain a "collection service" license as required by the Tennessee Collection Service Act.

The Court has further determined Plaintiff has sufficiently alleged violations of the FDCPA

---

[7] Although the statement is not dated, Plaintiff has provided the Court with a copy of the minutes from the Tennessee Collection Service Board's meeting when the statement was adopted (Court File No. 21-2 at 2). That meeting was held on January 6, 2009. In contrast, § 62-20-103(2) was amended on May 21, 2009, by Public Law 279, and it became effective on July 1, 2009.

for LVNV and Sherman's failure to obtain a collection service license. As a general rule, a party's failure to obtain a state license is not a *per se* violation of the FDCPA. *See Smith*, 2012 WL 3890255, at *5. However, with respect to 15 U.S.C. § 1692e(5), "the threat to take (or the taking) of an action an entity could not legally take without being properly licensed may support a federal cause of action under the FDCPA." *Id.* Moreover, "the actual filing of a lawsuit without being properly licensed, not just the threatening of such a collection lawsuit, is prohibited by § 1692e(5) because, to rule otherwise 'would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so." *Id.* Here, because Plaintiff has plausibly alleged Sherman and LVNV failed to obtain their collection service license yet, collectively with the other defendants, brought a lawsuit against Plaintiff to collect on a debt, the provision has been sufficiently alleged. Similarly, it is at least plausible that their failure to obtain a collection service license could be considered a false representation or deceptive means used to collect a debt under other provisions of § 1692e. Finally, at this stage, the Court will not dismiss Plaintiff's claim that the LVNV Defendants' failure to obtain a license was unfair or unconscionable given that their failure to do so could also make their chosen means for collection unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010) (concluding the defendant's "lack of registration with the State of Florida is an appropriate consideration in deciding whether [its] 'means' of collection were 'unfair or unconscionable.'"). Taking all of this into consideration, the Court will not grant the LVNV Defendants' motion to dismiss on this grounds.

## IV.     CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** and **DENY IN PART** the

LVNV Defendants' motion to dismiss (Court File No. 18). All claims in Plaintiff's amended complaint will remain in this matter with the exception of Plaintiff's § 1692e(11) claims against Defendants LVNV, Sherman, and Resurgent.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**