IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RALPH ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-cv-00030 |
| | ) |
| SHERMAN FINANCIAL GROUP, LLC, | ) |
| LVNV FUNDING, LLC, | ) |
| RESURGENT CAPITAL SERVICES, LP | ) |
| R. SCOTT BATSON, and | ) |
| HOSTO & BUCHAN, PLLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Sherman Financial Group, LLC ("Sherman"), LVNV Funding LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and R. Scott Batson ("Batson"), by their undersigned counsel, as and for their Joint Answer to Plaintiff's Amended Complaint, deny each and every allegation contained therein, unless otherwise admitted or qualified herein:

1. With respect to the allegations in Paragraph 1 of Plaintiff's Amended Complaint, Defendants state that Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

2. With respect to the allegations in Paragraph 2 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute and that the allegations in Paragraph 2 require no response. To the extent a response is required, Defendants deny the allegations.

3. With respect to the allegations in Paragraph 3 of Plaintiff's Amended Complaint, Defendants state that Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

4. With respect to the allegations in Paragraph 4 of Plaintiff's Amended Complaint, admit, upon information and belief, as to residence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

5. In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendant Sherman states that it is a limited liability company, not a corporation, organized in Delaware and that it has a registered agent in Delaware as alleged. Defendant Sherman denies the remaining allegations and puts Plaintiff to the strict proof thereof. Defendants LVNV, Resurgent, and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. In response to Paragraph 6 of Plaintiff's Amended Complaint, Defendant LVNV admits that it is a limited liability company organized in Delaware and that it has a registered agent in Tennessee as alleged. Defendant LVNV admits that it is at times a "debt collector" for purposes of the FDCPA but that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it is a "debt collector" for purposes of the instant lawsuit and Defendant LVNV therefore denies the remaining allegations and puts Plaintiff to the strict proof thereof. Defendants Sherman, Resurgent, and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. In response to Paragraph 7 of Plaintiff's Amended Complaint, Defendant Resurgent states that it is a limited partnership, not a corporation, organized in Delaware and that it has a principal place of business in Greenville, South Carolina as alleged, and a registered agent in Tennessee as alleged. Defendant Resurgent admits that it is at times a "debt collector" for purposes of the FDCPA but that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it is a "debt collector" for purposes of the instant lawsuit and Defendant Resurgent therefore denies the remaining allegations and puts Plaintiff to the strict proof thereof. Defendants Sherman, LVNV, and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. In response to Paragraph 8 of Plaintiff's Amended Complaint, Defendant Batson admits that he is employed by Defendant Resurgent. Defendant Batson admits that he is at times a "debt collector" for purposes of the FDCPA but that he lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he is a "debt collector" for purposes of the instant lawsuit and Defendant Batson and Defendant Resurgent therefore deny the remaining allegations and put Plaintiff to the strict proof thereof. Defendants Sherman and LVNV lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. In response to Paragraph 10 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff incurred a debt originally owed to or serviced by HSBC/Orchard Bank. As to the remaining allegations in Paragraph 10, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

3

11. In response to Paragraph 11 of Plaintiff's Amended Complaint, Defendants admit that the account was acquired by Defendant LVNV Funding LLC, but deny that Defendant Sherman acquired the account in any way.

12. Defendants Sherman, LVNV, and Resurgent deny that they operate a "debt buying enterprise" and deny that Defendant Sherman owns 100% of the shares of Defendant LVNV Funding LLC and Defendant Resurgent, and deny that they operate as a "single business operation." In response to Paragraph 12 of Plaintiff's Amended Complaint, Defendant Sherman denies all allegations against it and puts Plaintiff to the strict proof thereof. In response to paragraph 12 of Plaintiff's Amended Complaint, Defendant LVNV admits that it acquires debt portfolios but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore puts Plaintiff to the strict proof thereof. In response to Paragraph 12 of Plaintiff's Amended Complaint, Defendant Resurgent admits that it is a manager and servicer of certain debt portfolios but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore puts Plaintiff to the strict proof thereof. Defendant Batson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. In response to Paragraph 13 of Plaintiff's Amended Complaint, Defendant Sherman states that the referenced website speaks for itself and denies all characterizations inconsistent therewith. With respect to the allegations in Paragraph 13 of Plaintiff's Amended Complaint, Defendants LVNV, Resurgent, and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations.

14. In response to Paragraph 14 of Plaintiff's Amended Complaint, Defendant Sherman states that the referenced website speaks for itself and denies all

4

characterizations inconsistent therewith. With respect to the allegations in Paragraph 14 of Plaintiff's Amended Complaint, Defendants LVNV, Resurgent, and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint.

16. In response to Paragraph 16 of Plaintiff's Amended Complaint, Defendants Sherman, LVNV, and Resurgent state that that Defendant LVNV acquires charged-off debts and that Defendants LVNV and Resurgent at times attempt to collect debts. As to the remaining allegations, Defendants Sherman, LVNV, and Resurgent deny the allegations and put Plaintiff to the strict proof thereof. Defendant Batson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21. In response to the allegations in Paragraph 21 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff cites to a Tennessee Court of Appeals decision and deny any characterization inconsistent therewith. Defendants state that no

further response to Paragraph 21 is required, but to the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24. In response to the allegations in Paragraph 24 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff refers to a letter from Defendant Hosto and deny any characterization inconsistent therewith.

25. With respect to the allegations in Paragraph 25 of Plaintiff's Amended Complaint, Defendants state that Paragraph 25 states legal conclusions to which no response is required. To the extent responses are required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

26. In response to the allegations in Paragraph 26 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff refers to a letter from Defendant Hosto and deny any characterization inconsistent therewith.

27. In response to the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation.

28. With respect to the allegations in Paragraph 28 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

29. With respect to the allegations in Paragraph 29 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

30. With respect to the allegations in Paragraph 30 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

31. In response to the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation.

32. With respect to the allegations in Paragraph 32 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Amended Complaint.

35. With respect to the allegations in Paragraph 35 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Amended Complaint.

39. With respect to the allegations in Paragraph 39 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

40. With respect to the allegations in Paragraph 40 of Plaintiff's Amended Complaint, Defendants state that Paragraph 40 states legal conclusions to which no response is required. To the extent responses are required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Amended Complaint.

47. With respect to the allegations in Paragraph 47 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

48. With respect to the allegations in Paragraph 48 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Amended Complaint, and deny any characterization inconsistent therewith.

49. Defendants deny the allegations in Paragraph 49 of Plaintiff's Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of Plaintiff's Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Amended Complaint.

54. With respect to the allegations in Paragraph 54 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit, and deny any characterization inconsistent therewith.

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of Plaintiff's Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of Plaintiff's Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of Plaintiff's Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of Plaintiff's Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Amended Complaint.

61. With respect to the allegations in Paragraph 61 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

62. With respect to the allegations in Paragraph 62 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

63. Defendants deny the allegations in Paragraph 63 of Plaintiff's Amended Complaint.

64. Defendants deny the allegations in Paragraph 64 of Plaintiff's Amended Complaint.

65. Defendants deny the allegations in Paragraph 65 of Plaintiff's Amended Complaint.

66. Defendants deny the allegations in Paragraph 66 of Plaintiff's Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of Plaintiff's Amended Complaint.

68. Defendants deny the allegations in Paragraph 68 of Plaintiff's Amended Complaint.

69. With respect to the allegations in Paragraph 69 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

70. With respect to the allegations in Paragraph 70 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's Amended Complaint.

72. Defendants deny the allegations in Paragraph 72 of Plaintiff's Amended Complaint.

73. Defendants deny the allegations in Paragraph 73 of Plaintiff's Amended Complaint.

74. Defendants deny the allegations in Paragraph 74 of Plaintiff's Amended Complaint.

75. Defendants deny the allegations in Paragraph 75 of Plaintiff's Amended Complaint.

76. Defendants deny the allegations in Paragraph 76 of Plaintiff's Amended Complaint.

77. With respect to the allegations in Paragraph 77 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

78. With respect to the allegations in Paragraph 78 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

79. Defendants deny the allegations in Paragraph 79 of Plaintiff's Amended Complaint.

80. Defendants deny the allegations in Paragraph 80 of Plaintiff's Amended Complaint.

81. Defendants deny the allegations in Paragraph 81 of Plaintiff's Amended Complaint.

82. Defendants deny the allegations in Paragraph 82 of Plaintiff's Amended Complaint.

83. Defendants deny the allegations in Paragraph 83 of Plaintiff's Amended Complaint.

84. Defendants deny the allegations in Paragraph 84 of Plaintiff's Amended Complaint.

85. With respect to the allegations in Paragraph 85 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

86. With respect to the allegations in Paragraph 86 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

87. Defendants deny the allegations in Paragraph 87 of Plaintiff's Amended Complaint.

88. With respect to the allegations in Paragraph 88 of Plaintiff's Amended Complaint, Defendant Sherman admits it did not, as of the date of filing of the lawsuit, have a Tennessee collection service license. As to the remaining allegations in Paragraph 88, Defendant Sherman denies the same. Defendants LVNV, Resurgent,

and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89 of Plaintiff's Amended Complaint.

90. With respect to the allegations in Paragraph 90 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

91. With respect to the allegations in Paragraph 91 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

92. With respect to the allegations in Paragraph 92 of Plaintiff's Amended Complaint, Defendants state that Paragraph 92 states legal conclusions to which no response is required. To the extent responses are required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

93. With respect to the allegations in Paragraph 93 of Plaintiff's Amended Complaint, Defendant LVNV admits it did not, as of the date of filing of the lawsuit, have a Tennessee collection service license. As to the remaining allegations in Paragraph 93, Defendant LVNV denies the same. Defendants Sherman, Resurgent, and Batson lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

94. Defendants deny the allegations in Paragraph 94 of Plaintiff's Amended Complaint.

95. With respect to the allegations in Paragraph 95 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

96. With respect to the allegations in Paragraph 96 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

97. With respect to the allegations in Paragraph 97 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

98. In response to the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations.

99. With respect to the allegations in Paragraph 99 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

100. In response to the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations.

101. With respect to the allegations in Paragraph 101 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

102. With respect to the allegations in Paragraph 102 of Plaintiff's Amended Complaint, Defendants state that Paragraph 102 states legal conclusions to which no

response is required. To the extent responses are required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

103. Defendants deny the allegations in Paragraph 103 of Plaintiff's Amended Complaint.

104. Defendants deny the allegations in Paragraph 104 of Plaintiff's Amended Complaint.

105. Defendants deny the allegations in Paragraph 105 of Plaintiff's Amended Complaint.

106. Defendants deny the allegations in Paragraph 106 of Plaintiff's Amended Complaint.

107. Defendants deny the allegations in Paragraph 107 of Plaintiff's Amended Complaint.

108. With respect to the allegations in Paragraph 108 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit, and deny any characterization inconsistent therewith.

109. With respect to the allegations in Paragraph 109 of Plaintiff's Amended Complaint, Defendants admit that the Plaintiff cites to an Exhibit, and deny any characterization inconsistent therewith.

110. Defendants deny the allegations in Paragraph 110 of Plaintiff's Amended Complaint.

111. Defendants deny the allegations in Paragraph 111 of Plaintiff's Amended Complaint.

112. Defendants deny the allegations in Paragraph 112 of Plaintiff's Amended Complaint.

113. Defendants deny the allegations in Paragraph 113 of Plaintiff's Amended Complaint.

114. Defendants deny the allegations in Paragraph 114 of Plaintiff's Amended Complaint.

115. Defendants deny the allegations in Paragraph 115 of Plaintiff's Amended Complaint.

116. Defendants deny the allegations in Paragraph 116 of Plaintiff's Amended Complaint.

117. The allegations in Paragraph 117 require no response.

118. In answering Paragraph 118, Defendants adopt by reference paragraphs 1-117 of this Answer as though fully set forth herein.

119. Defendants deny the allegations in Paragraph 119 of Plaintiff's Amended Complaint.

120. Defendants deny the allegations in Paragraph 120 of Plaintiff's Amended Complaint.

**AFFIRMATIVE DEFENSES**

As and for the Defendants' affirmative defenses, Defendants interpose the following:

1. The Amended Complaint fails to state a claim upon which relief may be granted;

2. Any violation of the FDCPA, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, if applicable.

WHEREFORE, Defendants Sherman Financial Group, LLC, LVNV Funding LLC, Resurgent Capital Services, L.P., and R. Scott Batson respectively request the following relief from the above-named court:

1. Dismissing Plaintiff's Amended Complaint with prejudice and on the merits; and

2. Granting Defendants such other and further relief as the court deems just and equitable.

Respectfully submitted,

ADAMS AND REESE LLP

Dated: May 7, 2013

By: s/ Rocky King
Rocklan W. King, III (#030643)
Tricia T. Olson (#24643)
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Rocky.King@arlaw.com
tricia.olson@arlaw.com

**MOSS & BARNETT**
A Professional Association
Sarah E. Doerr (MN Bar #338679)*
John P. Boyle (MN Bar #186946)
(admitted *pro hac vice*)
Matthew P. Kostolnik (MN Bar #310669)
(admitted *pro hac vice*)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612 877-5000)

*Admitted to practice in United States District Court for the Eastern District of Tennessee on April 30, 2012.

**ATTORNEYS FOR DEFENDANTS SHERMAN FINANCIAL GROUP, LLC, LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, AND R. SCOTT BATSON**

17

Case 2:12-cv-00030-CLC-WBC   Document 55   Filed 05/07/13   Page 17 of 18   PageID #: 492

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to all parties and counsel indicated on the electronic filing receipt. Copies may also be accessed through the Court's electronic filing system.

This 7th day of May, 2013

                s/ Rocky King
                Rocklan W. King, III

2338682v1

18

Case 2:12-cv-00030-CLC-WBC   Document 55   Filed 05/07/13   Page 18 of 18   PageID #: 493