UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RALPH ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-CV-30 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| SHERMAN FINANCIAL GROUP, LLC, | ) | |
| LVNV FUNDING, LLC, | ) | |
| RESURGENT CAPITAL SERVICES, LP, | ) | |
| R. SCOTT BATSON, and | ) | |
| HOSTO & BUCHAN, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court are the following motions: (1) Defendant Hosto & Buchan, PLLC's ("Hosto") motion for partial summary judgment (Court File No. 40); (2) Defendants Sherman Financial Group, LLC ("Sherman"), LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, LP ("Resurgent"), and R. Scott Batson's ("Batson") (collectively, "LVNV Defendants") joint motion for summary judgment (Court File No. 42); and (3) Plaintiff Ralph Robinson's ("Plaintiff" or "Robinson") motion for partial summary judgment (Court File No. 49). For the following reasons, the Court will **GRANT** Hosto's motion for partial summary judgment (Court File No. 40); **GRANT IN PART and DENY IN PART** the LVNV Defendants' joint motion for summary judgment (Court File No. 42); and **DENY** Plaintiff's motion for partial summary judgment (Court File No. 49). Plaintiff's § 1692e claims brought against the LVNV Defendants and Hosto will remain in the case; all other claims are dismissed.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

At issue is Plaintiff's credit card debt originally owed to and serviced by HSBC/Orchard Bank ("HSBC"). On November 22, 2010, Hosto sent a letter to Plaintiff in an attempt to collect the debt originally owed to HSBC but now owed to LVNV (Court File No. 44-4). The current balance listed was $2,725.22 (*id.*). On January 23, 2011, Hosto sent another collection letter to Plaintiff, which indicated the current balance was $2,747 (Court File No. 15-1). Then, on March 8, 2011, Hosto filed a summons for civil warrant and an affidavit against Plaintiff in state court on behalf of LVNV (Court File No. 15-2 at 1). The demand in the summons stated Plaintiff owed "a money judgment of $3,201.06 plus cost from a suit filed on a sworn account with the principle [sic] sum of $2,208.59 accrued pre-judgment interest of $550.76 accruing at 6% until date of judgment, reasonable attorney's fees in the amount of $441.72, all of which shall bear post-judgment interest of 10% per annum beginning from judgment date" (*id.*).

The affidavit, which was filed in support of the summons, was authored by Batson (Court File No. 15-2 at 2). In the affidavit, Batson attested under penalty of perjury to being an authorized representative for LVNV and to having "personal knowledge regarding [LVNV's] creation and maintenance of its normal business books and records" (*id.*). In explaining the nature of the business records reviewed, Batson stated:

> In the ordinary course of business, [LVNV] regularly acquires revolving credit accounts, installment accounts, service accounts and/or other credit lines. The records provided to Plaintiff have been represented to include information provided by the original creditor or its successors in interest. Such information includes the debtor's name, social security number, account balance, the identity of the original creditor and the account number.

(*id.*). Batson further attested to the following regarding Plaintiff's account:

> the Account is the result of the extension of credit to Ralph Robinson by HSBC/Orchard Bank on or about 01/10/2005 (the "Date of Origination"). Said business records further indicate that Account was then owned by IDT Carmel, Inc,

2

that IDT Carmel, Inc later sold and/or assigned Portfolio 12546 to Plaintiff's assignor which included the Defendant's Account on 01/30/2009 (the "Date of Assignment") and on the Date of Assignment, all ownership rights were assigned to, transferred to, and became vested in Plaintiff, including the right to collect the purchased balance
owing of $2,208.59 plus any additional accrued interest.

(*id.*). On April 21, 2011, Plaintiff filed a sworn denial stating he had not entered into any agreement with LVNV "for the repayment of debt or otherwise" (Court File No. 15-3). The state court action was voluntarily dismissed.

On January 23, 2012, Plaintiff filed a complaint in this Court against the LVNV Defendants and Hosto (collectively, "Defendants") alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Court File No. 1). Plaintiff filed an amended complaint on May 13, 2012, again alleging violations of the FDCPA (Court File No. 15). Specifically, Plaintiff alleges some or all of the Defendants (1) falsely represented the character, amount, and legal status of the debt and the compensation that may be lawfully received by the debt collector for the collection of the debt, §§ 1692e(2)(A) and (B); (2) used false, deceptive, and misleading representations or means in connection with the collection of Plaintiff's debt or the attempt to collect the debt, §§ 1692e and e(10); (3) used unfair or unconscionable means to collect or attempt to collect Plaintiff's debt, § 1692f; (4) communicated credit information to the state court, the general public, and Plaintiff that they knew or should have known was false, § 1692e(8); (5) threatened to take action that could not legally be taken, § 1692e(5); (6) attempted to collect amounts not expressly authorized by the agreement creating Plaintiff's debt or permitted by law, § 1692f(1); (7) failed to disclose the requisite information for initial and subsequent communications, §1692e(11); and (8) failed to send a written notice to Plaintiff within five days of the initial communication, § 1692g(a)(3)-(5) (*see* Am. Compl. ¶¶ 37-119). Plaintiff seeks actual damages,

statutory damages, and attorney's fees and costs (*id.* ¶ 120).

The LVNV Defendants subsequently filed a motion to dismiss, which this Court granted in part and denied in part (Court File Nos. 36, 37). The only claims dismissed pursuant to Fed. R. Civ. P. 12(b)(6) were Plaintiff's § 1692e(11) claims against Defendants LVNV, Sherman, and Resurgent.

Now pending before the Court are summary judgment motions filed by Hosto, the LVNV Defendants, and Plaintiff.

## II.     STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *2-3 (E.D. Tenn. Nov. 4, 2009) (explaining the Court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence

4

to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should enter summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III.   DISCUSSION

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). Courts should "begin with the language of the statute itself" when interpreting the FDCPA. *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999). Courts also should use the "'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)). "The test is objective, and asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). By using the

"least sophisticated consumer" standard, courts can ensure "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008) (quotation marks and citations omitted)).

Plaintiff brings an assortment of claims against Defendants, though those claims can be grouped into just a few categories.[1] The first set of claims is brought against all Defendants pursuant to various provisions of § 1692e and pertains to the collection lawsuit, particularly the use of the summons for civil warrant and sworn affidavit. The second set of claims is brought against Sherman, LVNV, and Hosto for their failure to obtain a license under the Tennessee Collection Service Act ("TCSA"), Tenn. Code Ann. §§ 60-20-101 *et seq.*, in violation of §§ 1692e(5), (f), and (f)(1) of the FDCPA. Finally, Plaintiff contends Sherman, LVNV, and Resurgent did not provide a written notice containing the requisite information within five days of the initial communication pursuant to § 1692g(a)(3)-(5).

The Court will address the parties' motions for summary judgment as they pertain to the aforementioned claims.

### A.    Hosto's Motion for Partial Summary Judgment

Hosto has filed a motion for partial summary judgment on the grounds that, as a law firm, it is not required to obtain a collection license under the TCSA. Hosto argues attorneys are exempted from the regulations of the TCSA. Hence, according to Hosto, Plaintiff's FDCPA claims against Hosto for failing to obtain a license under the TCSA must be dismissed.

---

[1] While the claims alleged in the amended complaint are numerous and, at times, difficult to follow, the Court observes that both Plaintiff and Defendants have attempted to narrow the claims actually at issue in the case. The Court will use this framework when discussing the remaining claims.

Plaintiff did not file a response brief to Hosto's motion for partial summary judgment. Plaintiff's failure to address the issue of whether Hosto was required to obtain a license under the TCSA will be viewed as a waiver of any objection to Hosto's motion. Accordingly, the Court will **GRANT** Hosto's motion for partial summary judgment (Court File No. 40) without deciding the issue raised on the merits. Plaintiff's claims against Hosto for failing to obtain a license in violation of the TCSA and §§ 1692e, e(1), e(5), e(10), and f of the FDCPA are dismissed.[2] The only claims that remain against Hosto are Plaintiff's § 1692e claims brought with respect to the collection lawsuit.

### B.    LVNV Defendants' Joint Motion for Summary Judgment

The LVNV Defendants seek to dismiss all of Plaintiff's claims on the grounds that no genuine issues of material fact exist. The Court will address the claims at issue below.

### i. Section 1692e Violations Pertaining to the Collection Lawsuit

Section 1692e of the FDCPA generally provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To establish a violation of § 1692e, "(1) plaintiff[] must be a 'consumer' as defined by 15 U.S.C. § 1692; (2) the 'debt' must arise[] out of transactions which are 'primarily for personal, family or household purposes' (*see* 15 U.S.C. § 1692a(5)); (3) defendant must be a 'debt collector' as defined by 15 U.S.C. § 1692a(6); and (4) defendant must have violated § 1692e's prohibitions." *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). At issue here are the following provisions of § 1692e, which prohibit the following:

---

[2] For future purposes, the Court advises Plaintiff that, in the event he no longer seeks to assert a claim, he should so indicate in his briefs. Neither the parties nor the Court should have to guess as to Plaintiff's intent.

(2) The false representation of--
      (A) the character, amount, or legal status of any debt; or
      (B) any services rendered or compensation which may be lawfully received
      by any debt collector for the collection of a debt.
. . .

(5) The threat to take any action that cannot legally be taken or that is not intended
to be taken.
. . .

(8) Communicating or threatening to communicate to any person credit information
which is known or which should be known to be false, including the failure to
communicate that a disputed debt is disputed.
. . .

(10) The use of any false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. For purposes of their motion for summary judgment, the LVNV Defendants do

not dispute that Plaintiff was a consumer, that the "debt" arose out of transactions "primarily for

personal, family or household purposes," and that the LVNV Defendants were "debt collectors." The

only element in dispute is whether the LVNV Defendants violated any of the § 1692e provisions.

In the amended complaint, Plaintiff alleges the LVNV Defendants violated the provisions

of § 1692e in a number of ways. First, Plaintiff alleges the LVNV Defendants filed a collection

lawsuit against Plaintiff although they knew, if challenged, they would be unable to gather

"competent evidence" to show "(1) that Plaintiff had entered into the contract on which the

Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed

was calculated" (Am. Compl. ¶ 34). Plaintiff also alleges that the LVNV Defendants' decision to

proceed with the lawsuit in this manner was a business decision that was part of a larger "pattern and

practice" used by Defendants to collect debts (*see id.* ¶¶ 22, 36). Plaintiff further contends the

LVNV Defendants used false, deceptive, and misleading representations or means in connection

8

with the collection of the debt "by stating in the Summons for Civil Warrant that Defendant LVNV was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit exists" (*id.* ¶ 37). Plaintiff also avers the collection lawsuit claim against him was defective because it was "knowingly based on false, deceptive, and misleading statements in the sworn affidavit" (*id.* ¶ 38). Plaintiff further alleges the LVNV Defendants demanded compensation for interest and attorney's fees in the summons and affidavit that could not lawfully be received (*id.* ¶¶ 43, 57, 111). This and other conduct, according to Plaintiff, resulted in the LVNV Defendants violating §§ 1692e, e(2)(A), e(2)(B), (5), (8), and (10).

The LVNV Defendants dispute Plaintiff's claims and contend the evidence presently before the Court supports dismissal. Their primary argument is that no genuine issues of material fact exist with regard to Plaintiff's § 1692e claims. They point out that Plaintiff has presented no evidence to establish he did not owe the alleged debt to HSBC, a debt which was later assigned to LVNV, or that the principal amount was not accurate as stated in both the summons and affidavit. The LVNV Defendants further contend the HSBC Cardmember Agreement expressly provided for interest, attorney's fees, and costs. They also claim Plaintiff improperly engages in burden-shifting by arguing the LVNV Defendants' failure to present a copy of the contract is proof that they acted improperly. For these and other reasons, the LVNV Defendants argue Plaintiff's § 1692e claims must be dismissed.

Plaintiff, in response, contends several genuine issues of material fact remain that must be decided by a jury. Plaintiff argues the summons and sworn affidavit demand a different amount, which creates a genuine issue of material fact as to whether one is false, deceptive, or misleading.

9

On a related note, Plaintiff claims the LVNV Defendants were not authorized to seek interest, attorney's fees, or costs in the summons and sworn affidavit in the absence of a written contract. *See Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008). Plaintiff argues no contract is in the record by which the Court can determine these additional fees were authorized. Plaintiff further contends the absence of a contract also supports his argument that the LVNV Defendants intentionally filed the lawsuit knowing they did not have the means or intend to obtain the means to prove the debt. Finally, Plaintiff contends the LVNV Defendants threatened to take action that could not legally be taken and communicated or threatened to communicate credit information that it knew or should have known to be false.

Viewing the facts in the light most favorable to Plaintiff and applying the least sophisticated consumer standard, the Court concludes Plaintiff has demonstrated genuine issues of material fact exist with regard to his § 1692e claims. First, with regard to the debt amount owed, the Court observes that the LVNV Defendants attempt to oversimplify the facts by contending the principal amount was the same in both the summons and sworn affidavit. The LVNV Defendants are correct that the principal amount did not vary in the relevant documentation. However, at issue are the amounts Plaintiff was informed he owed to the LVNV Defendants.

The LVNV Defendants have provided various documents to supplement those offered as proof by Plaintiff. A copy of the last billing statement sent from HSBC to Plaintiff in December 2006 indicates Plaintiff's balance was $2,208.59 and his annual percentage rate of interest was 30.49% (Court File No. 44-2). Between August 2009 and January 2012, Plaintiff received communications from Financial Recovery Services and then Hosto, each communication indicating the sender was collecting a debt on behalf of LVNV. The balance amounts in the letters

10

progressively increased between August 2009 and January 2012 as follows: $2,208.59; $2,228.56; $2,300.56; $2,725.22; $2,747; and $3,035.56 (Court File Nos. 15-1, 44-3 to 44-5). None of the letters mention the applicable interest rate or that Plaintiff could be subject to other fees.

The Court further observes that, while the principal amount owed remained unchanged, additional fees were both alluded to and incorporated into the sum listed in the summons and affidavit. With regard to the affidavit, Hosto had Batson, an employee of Resurgent ( a company that managed and serviced LVNV's delinquent accounts) prepare a document titled "Plaintiff's Affidavit of Indebtedness and Ownership of Account" (Court File No. 15-2 at 2). In the affidavit, Batson stated under penalty of perjury that he had reviewed LVNV's business records and that Plaintiff's account had a balance of "$2,208.59 plus any additional accrued interest" (*id.*). The summons states the principal balance was $2,208.59, plus accrued judgment interest in the amount of $550.76 at a rate of 6%, plus reasonable attorney's fees in the amount of $441.72, for a total of $3,201.06 (*id.* at 1). The fact that the total calculated in the summons is off by a penny is a negligible difference. What concerns the Court is that there is a genuine dispute with regard to the interest rate applied-- especially considering the HSBC billing statement listed the interest rate as 30.49% and the lack of any information regarding the interest rate in the other communications with Plaintiff--as well as the fact Plaintiff had no indication he was required to pay attorney's fees prior to the issuance of the summons. This is even more apparent after taking into account the least sophisticated consumer who could arguably find these documents, at a minimum, misleading.

In an attempt to show no genuine issue of material fact exists with regard to the amounts demanded, the LVNV Defendants submit a copy of an HSBC Cardmember Agreement (Court File No. 44-1). The LVNV Defendants contend the HSBC Cardmember Agreement expressly provides

11

for attorney's fees and interest at rates far greater than the 6% applied by Hosto. At trial, the LVNV Defendants may be able to establish this document was part of the contract agreed to by Plaintiff and that it supports their position. However, the Court is unable to make this determination presently for a number of reasons. As a preliminary matter, the Court observes the HSBC Cardmember Agreement is nearly indecipherable given the poor quality of the copy provided to the Court. Thus, the Court cannot verify that the plain language of the agreement even provides for attorney's fees, though the Court does not dispute such language is often contained in these agreements. Similarly, although the Court can barely decipher the applicable interest rates listed in the agreement, it does not appear any of the listed rates match either the 6% imposed by Hosto or the 30.49% listed in the final billing statement from HSBC. Finally, given that the HSBC Cardmember Agreement provided by the LVNV Defendants is a generic form and there are no names, signatures, or other personal identifiers to demonstrate this particular document is in anyway connected to Plaintiff's original agreement with HSBC, the Court concludes a genuine issue of material fact remains as to whether the amounts demanded as well as the additional fees imposed are misleading, deceptive, or even false.

The district court in *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, 2:11-CV-13, 2011 WL 3489685 (E.D. Tenn. Aug. 9, 2011) observed similar discrepancies were sufficient to state a claim for relief under § 1692e. In *Stonecypher*, the communications at issue contained varying balance amounts, though the initial balance was consistently listed as $1,622.42. *Id.* at *5. Two of the communications had credit card statements attached noting the interest rate was accruing at a rate of 29.99%. In contrast, the civil warrant indicated the plaintiff owed a "sum of $1,622.42 plus interest at rate [sic] of 10% APR, attorneys fees if provided by contract, & the costs of this action."

12

*Id.* As is relevant to the instant case, the district court in *Stonecypher* observed that the civil warrant properly stated the initial balance but the 10% interest rate in the civil warrant was different from the 29.99% amount in the credit card statements. Moreover, the court noted this was the first time the defendant had sought attorney's fees and costs.

One argument asserted by the defendant explaining the discrepancies in the civil warrant was that the language regarding fees and costs was just standard language to protect their rights. In response, the court stated, "Defendant's failure to reference an interest rate, attorneys fees, or costs in any prior communication is sufficient for the Court to conclude that Plaintiff has alleged a possible claim that Defendant's use of this language was false, deceptive or misleading as to the amount of the debt." *Id.* An alternative argument raised by the defendant pertained to the conflicting interest rates applied. The defendant argued "it did not incorrectly state the amount of the debt because HSBC simply intended to collect a lower amount than the amount of debt actually owed to it and a lower amount of interest than that permitted by contract." *Id.* The court, however, observed the aforementioned credit card statements and the language in the civil warrant "cast doubt on this assertion" and further noted the following:

> At any rate, the language in the Civil Warrant reflecting the possibility of attorneys fees and costs, and indicating a different interest rate, would still be misleading to the least sophisticated consumer when considered in context with Defendant's prior communications. The fact that Defendant consistently listed the amount of the debt as $1,622.42 on these communications does not detract from the misleading nature of the communications.

*Id.* The court concluded the plaintiff had plausibly alleged facts to state a claim under § 1692e(2)(A), which was one of the claims at issue in the case. *Id.* at 6.

Although the *Stonecypher* decision pertained to a motion to dismiss pursuant to Rule 12(b)(6) not a motion for summary judgment, the Court concludes the analysis applied in

13

*Stonecypher* is relevant and applicable to the proof that has been offered in this case. Here, Plaintiff has shown a genuine issue of material fact exists with regard to the applicable interest rate, especially given the discrepancy between HSBC's last billing statement, the amount asserted in the summons, and even the amounts allegedly contained in the HSBC Cardmember Agreement. Further the Court observes that a genuine issue as to whether attorney's fees and costs were properly asserted in the summons still remains. Because these representations could be deemed misleading, deceptive, or even false to the least sophisticated consumer, the Court concludes Plaintiff's claims brought pursuant to § 1692e, e(2)(A), e(2)(B), and e(10) should be allowed to proceed. Moreover, whether the LVNV Defendants threatened to take action that could not be legally taken or communicated credit information known or that it should have known to be false in violation of §§ 1692e(5) and e(8), respectively, would also hinge in part upon this determination. Accordingly, the Court will **DENY** the LVNV Defendants' motion to dismiss as it pertains to Plaintiff's § 1692e claims.

### ii. Claims Pertaining to Whether LVNV and Sherman are "Collection Services"

The LVNV Defendants contend Plaintiff's claims that LVNV and Sherman are liable for violating 15 U.S.C. §§ 1692e(5), f, and f(1) due to their failure to obtain a license under the Tennessee Collection Services Act or the "TCSA" must be dismissed as a matter of law. At the outset, the LVNV Defendants note Plaintiff fails to make any argument with respect to Sherman. The LVNV Defendants argue LVNV not Sherman is the owner of the debt. Therefore, the claims are inapplicable to Sherman. Given that Plaintiff failed to respond to this argument asserted by the LVNV Defendants, they contend the claims against Sherman should automatically be dismissed. Second, the LVNV Defendants point out that the Court addressed a similar issue regarding the

applicability of the TCSA license requirement when deciding the LVNV Defendants' motion to dismiss. The Court ruled that, in light of the express terms of the statute which was amended in 2009, LVNV was a "collection service" and therefore must be licensed. The Tennessee Collection Service Board, however, has since reaffirmed an earlier Clarification Statement, which the LVNV Defendants claim supports their argument that LVNV is not a "collection service."

Though Plaintiff makes no mention of Sherman, he opposes the LVNV Defendants' arguments with respect to LVNV. In particular, he argues the Court should rely on its previous decision and reject the LVNV Defendants' renewed argument. Alternatively, to the extent the Court gives credence to the Clarification Statement, Plaintiff argues the statement is inapplicable to LVNV because the Clarification Statement applies to "Passive Debt Buyers" whereas LVNV is an "Active Debt Buyer."

The first issue raised by the LVNV Defendants is simple to resolve. As this Court has noted several times before, Plaintiff has failed to respond to a contested issue. This time, the issue pertains to whether the claims at issue are applicable to Sherman. Plaintiff's failure to respond is deemed a waiver. Accordingly, Plaintiff's claims on this grounds brought with respect to Sherman are dismissed.

The next issue pertains to the FDCPA claims asserted against LVNV. The provisions of the FDCPA at issue are §§ 1692e(5), f, and f(1).[3] A violation of § 1692e(5) pertains to "[t]he threat to take any action that cannot legally be taken." Section 1692f pertains to whether the debt collector used "unfair or unconscionable means" in its efforts to collect the debt and § 1692f(1) addresses

_____

[3] The amended complaint also mentioned § 1692e(10). However, because the parties do not include this provision in their discussion of the TCSA, the Court concludes this provision is no longer at issue.

whether those means were used with respect to "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Plaintiff's theory is that LVNV's failure to obtain a collection service license under the TCSA, which Plaintiff contends was required by law, subjects LVNV to liability under the FDCPA.

Before inquiring whether Plaintiff has established a violation of the FDCPA, the Court must first determine whether LVNV was required to obtain a license as a "collection service" under the TCSA. If LVNV was not required to obtain a license under the TCSA, Plaintiff's claims necessarily fail. As this Court explained in its previous decision (*see* Court File No. 36), the TCSA states "[n]o person shall commence, conduct or operate any collection service business in this state unless the person holds a valid collection service license issued by the board under [the TCSA] or prior state law." Tenn. Code Ann. § 62-20-105(a). A "collection service" is defined as "any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity." § 62-20-102(3).

The Court observes that the Tennessee Collection Service Board has issued a Clarification Statement that carves out an exception to the general definition of a "collection service." The Board is tasked by the state legislature with "promulgat[ing] rules relating to the general conduct of collection service business that are consistent with recognized business practice and this chapter [of the TCSA]." Tenn. Code Ann. § 62-20-104(g). Further, the Board has the authority to "suspend, revoke or refuse to renew any license" as provided by statute. Tenn. Code Ann. § 62-20-115(b)(1).

16

The Clarification Statement at issue, which is titled "Clarification Statement of the Tennessee Collection Service Board Regarding Debt/Judgment Purchasers and 'Passive' Debt Buyers," reads as follows:

> It is currently the opinion of the Tennessee Collection Service Board that entities who
> purchase judgments or other forms of indebtedness will be deemed a "collection service" if they collect or attempt to collect the debt or judgment subsequent to their purchase of the debt or judgment. However, *entities who purchase debt or judgments in the manner described above but who do not collect or attempt to collect the purchased debt or judgment, but rather assign collection activity relative to the purchased debt to a licensed collection agency or a licensed attorney or law firm shall not be deemed to be a "collection service".*

Tennessee Collection Service Board, *Clarification Statement of the Tennessee Collection Service Board Regarding Debt/Judgment Purchasers and 'Passive' Debt Buyers*, http://www.tn.gov/regboards/collect/documents/CSBCLARIFICATIONSTATEMENTREGARD INGDEBT.pdf (emphasis added). Although the statement was initially issued in January 2009, prior to the 2009 amendments to the TCSA, the parties have brought to the Court's attention in their most recent filings that the Board reaffirmed the Clarification Statement subsequent to the 2009 amendments to the TCSA. In fact, the Board as recently as May 9, 2012, reaffirmed the statement at one of its meetings "and advised it would currently stand as written" (Court File No. 44-10).

Plaintiff argues the Court should rely on its earlier ruling in which it concluded it would rely upon the language in the statute in making its decision. The Court, however, reminds Plaintiff that the primary reason it reached that decision was because the statute was amended subsequent to the issuance of the Clarification Statement. *See* Court File No. 36 at 20 ("The LVNV Defendants are correct that this statement stands in stark contrast to § 62-20-102(3). However, as noted by Plaintiff, the Tennessee legislature revised § 62-20-102(3) after the Clarification Statement was issued by the

Tennessee Collection Service Board. Thus, to the extent there is a conflict between the language in the statute and the guidance provided by the Board, the Court must follow the language in the statute."). The parties had not made the Court aware at the time that the Board--that is, the body duly authorized with promulgating rules for the TCSA--had since reaffirmed the application of the Clarification Statement. The Clarification Statement provides guidance as to how the provision defining a "collection service" should be construed. Plaintiff also argues Attorney General Opinion 97-131 and the district court decision in *Smith v. LVNV Funding, LLC*, 894 F. Supp. 2d 1045 (E.D. Tenn. 2012) interpreted the statute differently. However, the Court observes that the Clarification Statement was not at issue in these matters either because it was not yet in existence or because it was not disputed by the parties, respectively.

The Clarification Statement provides that an entity that purchases debt and does not collect or attempt to collect the purchased debt, but instead assigns such collection activity to a licensed attorney or law firm is not a "collection service." Here, LVNV has established that, through its servicer Resurgent, it assigned its collection activities to Hosto. Therefore, under the Clarification Statement of the Board, LVNV would not be a "collection service."

Plaintiff attempts to argue the Clarification Statement is inapplicable to LVNV because the Clarification Statement only applies to Passive Debt Buyers and LVNV is an Active Debt Buyer. However, the plain language of the Clarification Statement does not support this conclusion. The complete title of the Clarification Statement reads as follows: "Clarification Statement of the Tennessee Collection Service Board Regarding Debt/Judgment Purchasers and 'Passive' Debt Buyers." The Clarification Statement appears to apply to both "Debt/Judgment Purchasers" and "'Passive' Debt Buyers." It is undisputed that LVNV is a "Debt/Judgment Purchaser." Moreover,

18

the actual text of the Clarification Statement refers to entities who have purchased debt or judgments. As noted by LVNV, the Clarification Statement make no other mention of a "passive debt buyer" nor does it further define this term. Because the Court concludes LVNV was a Debt/Judgment Purchaser and because the Court concludes the Clarification Statement was applicable to LVNV, it is unnecessary to delve into Plaintiff's further arguments regarding whether LVNV was a passive or active debt buyer. Moreover, because Plaintiff has not established a violation of the TCSA, Plaintiff cannot make out his claim pursuant to the FDCPA.

Accordingly, for the reasons provided above, the Court concludes Plaintiff's claims against LVNV and Sherman brought under the FDCPA with regard to whether the parties failed to obtain a license under the TCSA must be **DISMISSED**.

### iii. Section 1692g(a)(3)-(5)

The LVNV Defendants argue Plaintiff's § 1692g(a)(3)-(5) claims against Sherman, LVNV, and Resurgent should be dismissed because no genuine issue of material fact exists with regard to whether Plaintiff was provided with the requisite notice. In the amended complaint, Plaintiff alleges Sherman, LVNV, and Resurgent failed to send Plaintiff a written notice containing his rights and other information as required under § 1692g(a)(3)-(5) within five days after the "initial communication" with Plaintiff in connection with the debt collection effort and within one year of the filing of the original complaint. The LVNV Defendants, however, contend Plaintiff was provided with notice in the first written communication between Hosto and Plaintiff. Moreover, the LVNV Defendants point out that Hosto advised Plaintiff in every communication that it was representing LVNV for purposes of collecting the debt and that all communications would be through Hosto. Hence, the LVNV Defendants contend any suggestion by Plaintiff that Hosto had been retained by

a "subsequent" client and a new § 1692g notice was required is senseless. Plaintiff, on the other hand, cites various cases demonstrating that a § 1692g notice is required for any initial communication made by a subsequent debt collector. Plaintiff's theory appears to be that when the summons was served, LVNV was required to include the requisite § 1692g notice information because it involved a "subsequent debt collector."

Section 1692g(a) reads as follows:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
. . .

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Although Plaintiff contends the service of the summons should have contained a § 1692g notice because it was an initial communication from LVNV, the Court finds this argument unavailing. As noted by the LVNV Defendants, throughout the collection efforts Hosto acted on behalf of LVNV as counsel, and when counsel made the "initial communication" with Plaintiff, the requisite § 1692g notice was included. That LVNV was the plaintiff in the state court case does not

20

change the fact that it was still represented by Hosto who sent out the communication, and Hosto had previously included the requisite § 1692g notice in its first communication with Plaintiff. Plaintiff has not demonstrated that LVNV should be treated as a "subsequent debt collector" in this context. The Court further observes Plaintiff does not even attempt to explain how Resurgent or Sherman were "subsequent debt collectors." Thus, the Court deems any such argument as waived.

Accordingly, Plaintiff's § 1692g(a)(3)-(5) claims against LVNV, Sherman, and Resurgent will **DISMISSED**.[4]

### C.    Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves the Court to issue an order that he is entitled to summary judgment with respect to his § 1692e(5) claim based on LVNV's failure to obtain a license under the TCSA. Because the Court concluded above that LVNV was not required to obtain a collection license, the Court cannot grant Plaintiff the relief he has requested. In the absence of a violation of the TCSA, Plaintiff cannot establish a violation of § 1692e(5). Thus, for the same reasons the Court granted the LVNV Defendants' motion on this grounds, the Court must **DENY** Plaintiff's motion for partial summary judgment.

---

[4] In his response brief, Plaintiff asserts as a separate argument that LVNV is responsible for Hosto's actions under the doctrine of *respondeat superior*. The Court observes that the district court in *Clark v. v. Main St. Acquisition Corp.*, 1:12-CV-408, 2013 WL 2295879 (S.D. Ohio May 24, 2013), was presented with a similar question. Noting that a debt collector is not always responsible for the actions of its attorney, the court considered the following test for vicarious liability under the FDCPA: "the principal must exercise control over the conduct or activities of the agent." *Id.* at *7 (quoting *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246 (S.D.N.Y. 2011)); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("Under general principles of agency—which form the basis of vicarious liability under the FDCPA—to be liable for the actions of another, the 'principal' must exercise control over the conduct or activities of the 'agent.'"). While it is certainly arguable that LVNV as the "principal" exercised control over the conduct or activities of Hosto, the "agent," the Court concludes the nature of the relationship between LVNV and Hosto is a factual matter that should be reserved for trial.

## IV.      CONCLUSION

For the foregoing reasons, the Court will **GRANT** Hosto's motion for partial summary judgment (Court File No. 40); **GRANT IN PART and DENY IN PART** the LVNV Defendants' joint motion for summary judgment (Court File No. 42); and **DENY** Plaintiff's motion for partial summary judgment (Court File No. 49). Plaintiff's § 1692e claims brought against the LVNV Defendants and Hosto will remain in the case; all other claims are dismissed.

An Order shall enter.

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**