IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| **RALPH ROBINSON** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12-CV-30 |
| | ) | |
| **SHERMAN FINANCIAL GROUP, LLC** | ) | |
| **LVNV FUNDING, LLC; RESURGENT** | ) | |
| **CAPITAL SERVICES, L.P.** | ) | |
| **R. SCOT BATSON** | ) | |
| **HOSTO & BUCHAN, PLLC,** | ) | |
| | ) | |
| Defendants, | ) | |

### BRIEF IN SUPPORT OF DEFENDANT, HOSTO & BUCHAN'S MOTION FOR DIRECTED VERDICT

COMES NOW Defendant, Hosto & Buchan, PLLC, ("Hosto" or "Defendant"), by and through its Attorney of Record, pursuant to the instructions of the Court and herewith files this Brief in support of their Motion for Directed Verdict.

### Argument

At the conclusion of the Plaintiff's case in chief the Defendant, Hosto & Buchan, by and through counsel of record moved the Trial Court for a Directed Verdict. The basis of this Motion was that the Plaintiff had simply failed to prove that it received any communications and/or correspondence from the Defendant, Hosto & Buchan, PLLC. In that the Plaintiff's case was based upon alleged violations of the Federal Fair Debt Collection Practices Act due to allegedly confusing and/or misleading communications, proof of receipt was essential to the Plaintiff's case.

During a lengthy evidentiary hearing during the trial the court permitted the letters of Hosto & Buchan, supposedly mailed to and delivered to the Plaintiff, to be introduced as substantive evidence based upon a Judicial Admission. Specifically, the Memorandum of Law and Motion for Summary Judgment of Co-Defendants LVNV and Resurgent Capital. However, the Defense Attorney for LVNV and Resurgent was in no way associated with and/or permitted to act on behalf of the Defendant, Hosto & Buchan. It has been and continues to be the position of the Plaintiff that the Affidavit of Rocklan King with the associated Exhibits, i.e. the Letters of multiple defendants, is hearsay. The Plaintiff has sought to admit third party documents which contain out of court statements that are being used to provide the truth of the matter asserted. During the trial and the testimony of Mr. Robinson it was established that Mr. Robinson does not remember receiving any of the correspondence, from any of the Defendants. As stated herein, Mr. King is not and was not an agent authorized to act for and/or speak for the Defendant Hosto & Buchan. At the Summary Judgment stage of this proceeding the only legitimate way that the Resurgent and LVNV Defendants could have introduced the letters referenced in Mr. King's Attorney Affidavit would have been through a business records affidavit. Clearly, as the transcript and record of this proceeding reveal, this was not done. Rather, Counsel for Resurgent and LVNV attempted to introduce such documents through their attorney who is not the custodian of records for those Defendants. It is the Defendant, Hosto & Buchan's position that Mr. King's affidavit and the attached exhibits should not have been considered on summary judgment, much less at trial, because the affidavit sought to introduce exhibits that were clearly hearsay on their face. A number of courts have held that "[a] hearsay affidavit is a nullity on a motion for summary judgment." *Schwimmer v. Sony Corp. of Am.,* 637 F.2d 41, 45 n.9 (2d Cir. 1980). See, e.g., *Caldwell v. American Basketball Ass'n,* 825 F.Supp.

558, 571 (S.D.N.Y. 1993), aff'd, 66 F.3d 523 (2d Cir. 1995); *Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.,* 722 F.Supp. 1032, 1037 (S.D.N.Y. 1989); *SEC v. Blavin,* 557 F.Supp. 1304, 1314 (E.D. Mich. 1983), aff'd, 760 F.2d 706 (6th Cir. 1985); see also *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) (condemning "a hearsay affidavit" as inadequate to defeat summary judgment motion). The Sixth Circuit has specifically held that " affidavits composed of hearsay … do not satisfy Rule 56(e) and must be disregarded," *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 968 (6th Cir. 1991) (quoting *State Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)).

In sum, hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment. Mr. King's affidavit was not "made on personal knowledge, and did not set forth such facts as would be admissible in evidence. See Fed. R. Civ. P. 56. All of the exhibits attached to Mr. King's affidavit were hearsay and should not have been considered when this Court ruled upon Defendant Hosto & Buchan's Motion for Directed Verdict at the conclusion of Plaintiff's case and should not have been admitted trial.

As to the determination of the Defendant's Motion for Directed Verdict, this court should only consider Mr. Robinson's trial testimony when determining whether Hosto & Buchan's Rule 50(a) motion should be granted. Judgment as a matter of law is appropriate where "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue" after "a party has been fully heard on an issue during a jury trial[.]" Fed. R. Civ. P. 50(a)(1). Rule 50 of the Federal Rules of Civil Procedure authorizes a court to grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find

3

for the party on that issue." Fed.R.Civ.P. 50(a). A motion for judgment as a matter of law should be granted "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

As the Court is well aware, during the trial of this cause the Plaintiff, Mr. Robinson was wholly unable to testify that he ever received any correspondence from any of the Defendants and moreover failed to testify that he was in anyway mislead and/or confused in anyway. The deficiency of the Plaintiff's proof in this cause is fatal to the Plaintiff's case and chief and moreover provides credence to the Defendant, Hosto and Buchan's Motion for Directed Verdict. Wherein the Plaintiff cannot establish even the base element of his claim a Directed Verdict is not only appropriate but necessary.

Your Defendant would further maintain that the affidavit of Mr. King and the attached exhibits are not judicial admissions. A judicial admission is binding upon the party making it. The motion for summary judgment and the King Affidavit in support of the motion for summary judgment were filed by the Resurgent Defendants, not Hosto & Buchan. While those documents could be used against those Defendants it cannot be used against Hosto & Buchan. *Wright and Miller Federal Practice and Procedure § 7026 (2d ed.)* Moreover, judicial admissions are not evidence at all but rather have the effect of withdrawing a fact from contention. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *In re Fordson Engineering Corp.,* 25 B.R. 506, 509 (Bankr.E.D.Mich.1982). Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them. *Barnes v. Owens-Corning Fiberglas Corp.,* 201 F.3d 815,

4

829 (6th Cir. 2000); *See also, White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983).

Nothing in Mr. King's affidavit or documents would be a judicial admission particularly as it relates to the Hosto & Buchan and should not be consider by this Court in ruling on Hosto & Buchan's Rule 50(a) motion. Even if the court were to hold that the exhibits were judicial admissions against Hosto & Buchan, Mr. Robinson did not remember receiving the documents and thus could not have been mislead and deceived by the document.

Additionally, your Defendant would maintain that the affidavit and attached exhibits are not evidentiary admission. An evidentiary admission, like a judicial admission, is binding upon the party making it. Again, in this case the Affidavit of Rocklan King and the Associated Exhibits were made by Counsel for Resurgent and LVNV and not by any individual authorized to act for and or speak for Hosto & Buchan. Evidentiary admissions may be made in, among other things, pleadings in a case other than the one being tried. Evidentiary admissions may also be made in pleadings that have been superseded, amended, or withdrawn, answers to interrogatories, and other statements made pursuant to the Federal Rule of Evidence governing admissions by party opponents. The motion for summary judgment and the King Affidavit in support of the motion for summary judgment were filed by the Resurgent/LVNV Defendants. While those documents could be used against those Defendants, they cannot be used against Hosto & Buchan. *Wright and Miller Federal Practice and Procedure § 7026 (2d ed.).* Again, these documents were not offered by Hosto & Buchan and should not be considered by the Court when considering the motion for judgment as a matter of law.

5

While the Court is likely well versed on the distintion between judical and evidentary admissions it bears noting that the law makes a distinction between (1) treating an allegation made by a party in a *different* case as conclusively binding on that party, under the doctrine of judicial estoppel, on the one hand; and (2) treating such a statement as a mere evidentiary admission, which is admissible against but not conclusively binding on the party, on the other hand. While an admission made by a party in a pleading in the *same* case sometimes may be deemed binding as a "judicial admission," an admission made in a *different* case is not conclusively binding, unless judicial estoppel applies. One treatise explained the distinction in this way: Judicial admissions must be distinguished from ordinary evidentiary admissions. A judicial admission is binding upon the party making it; it may not be controverted at trial or on appeal. Included within this category are admissions in the pleadings in the proceeding, stipulations and admissions pursuant to request to admit.... Ordinary evidentiary admissions, on the other hand, may be controverted or explained by the party. Within this category fall *286 pleadings in another proceeding, superseded or withdrawn pleadings in the same proceeding, answers to interrogatories, as well as other statements admissible under [Federal Evidence] Rule 801(d)(2). Hon. Barry Russell, *Bankruptcy Evidence Manual,* § 801:22, at 1507–08 (West 2008 ed.)(emphasis added) (citations omitted). *See also State Farm Mut. Auto. Ins. Co. v. Worthington,* 405 F.2d 683, 686 (8th Cir.1968);[159] *Americans United for Separation of Church and State v. Prison Fellowship Ministries,* 395 F.Supp.2d 805, 808–09 (S.D.Iowa 2005)(same); 2 Kenneth S. Broun, *McCormick on Evidence* § 257 (6th ed. 2006)(same).

The Sixth Circuit appears to follow this distinction between judicial admissions and evidentiary admissions. On the one hand, the Sixth Circuit has held that a party's admission of facts in its answer, filed in the *same* case, was binding on that party, at least in the absence of

6

"exceptional circumstances mandating relief from the admission," and where the party did not attempt to amend its answer until shortly before trial. *See Ferguson v. Neighborhood Housing Services of Cleveland, Inc.,* 780 F.2d 549, 551 (6th Cir.1986)(alternate holding). On the other hand, the Sixth Circuit has stated at least twice that "[p]leadings in a prior case may be used as evidentiary admissions." *Barnes v. Owens–Corning Fiberglas Corp.,* 201 F.3d 815, 829 (6th Cir.2000); *Williams v. Union Carbide Corp.,* 790 F.2d 552, 556 (6th Cir.1986). Of these two Sixth Circuit cases, *Barnes* involved statements the plaintiffs made in their complaint in the same lawsuit; *Williams* involved statements made in the plaintiff's complaint filed in a prior lawsuit. Each case held that the pleadings were admissible in evidence at trial under Fed.R.Evid. 801(d)(2), as an admission by a party-opponent. But neither case held that the pleadings were conclusively binding admissions. In fact, each case noted that while the party making the prior statement might have a "quite persuasive" argument that "the statements were made merely to preserve legal rights," such an argument should be "made to the jury." *Barnes,* 201 F.3d at 829; *Williams,* 790 F.2d at 556.

## Conclusion

For the reasons set forth above, Hosto respectfully maintains that it is entitled to a Directed Verdict as a matter of law. The Defendant, Hosto & Buchan reserves its right to move for a Judgment Not Withstanding the Verdict of this court should same become necessary.

/s/John Jay Clark
**John Jay Clark, Esq.**
Law Office of John J. Clark
501 Union Street, Suite 307
Nashville, Tennessee 37219
615-248-8600
615-248-8111 fax
tnattorneyjohnclark@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2013, a copy of the foregoing was served by electronic mail and first-class, U.S. Mail, on the parties listed below:

/s/John Jay Clark
**John Jay Clark, Esq.**
Law Office of John J. Clark
501 Union Street, Suite 307
Nashville, Tennessee 37219
615-248-8600
615-248-8111 fax
tnattorneyjohnclark@gmail.com

**Mr. John P. Boyle, Esq**
**Ms. Sarah E. Doerr, Esq.**
**Mr. Matthew P. Kostolnik, Esq.**
Moss & Barnett P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129

**Mr. Rocklan W. King, III, Esq.**
**Ms. Tricia Thor Olson, Esq.**
Adams and Reese, LLP
424 Church Street
Suite 2800
Nashville, TN 37206

**Everett H. Mechem, Attorney for Plaintiffs**
**Mechem Law Firm, P.C.**
BPR #01185
220 Broad Street, Suite 206
Kingsport, TN 37660
Telephone: (423) 207-1300
Facsimile: (423) 370-1717

8

Case 2:12-cv-00030-CLC-CHS   Document 110   Filed 12/09/13   Page 8 of 8   PageID #: 1112