IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RALPH ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12-CV-30 |
| | ) | **District Judge Collier** |
| HOSTO & BUCHAN, PLLC, | ) | **Magistrate Judge Carter** |
| | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT
HOSTO & BUCHAN, PLLC'S ("HOSTO") MOTION [DOC. 123]**

Plaintiff, by and through his attorneys, submits this response in opposition to Hosto's motion to stay proceedings and approve a *supersedeas* bond **[Doc. 123]** because of Judgment entered February 26, 2014 **[Doc. 114],** and respectfully requests an Order be entered denying the motion in full. Hosto's motion is filed under the assumption that it filed a timely notice of appeal. It did not. **[Doc. 122].**

## LEGAL ARGUMENT

As this Court stated in *Jackson v. U.S.*, Case No. 1:10-CV-4 (E. D. Tenn., Aug. 1, 2011):

> "Filing a notice of appeal is a 'modest task.' *Isert v. Ford Motor Co.,* 461 F.3d 756, 758 (6th Cir. 2006) ('Would-be appellants thus must complete two modest tasks before their appeals "may be taken": They must give "notice" of their appeal, and they must give that notice "in time."')."

*Id.* at p. 7. Federal Rule of Appellate Procedure 3 states that: An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. "Consistent with the Supreme Court's directive, we have stated that the requirements of Rule 3 are 'mandatory and jurisdictional in nature,' *Isert v. Ford*

1

*Motor Co.,* 461 F.3d 756, 759 (6th Cir.2006), and that this court cannot waive them. *Martin v. Gen. Elec. Co.,* 187 F. App'x 553, 557 (6th Cir.2006) (citing *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)). *U.S. v. Paull,* 551 F.3d 517, 531 (6th Cir. 2009). The general rule is:

> "that a notice of appeal in a civil case to which the United States is not a party must be filed within 30 days of entry of the judgment from which the appeal is taken. See Fed. R. App. P. 4(a)(1). Rule 4(a), which sets out the 30-day time limit within which this appeal had to have been taken, serves the salutary purpose of fixing the point at which litigation shall end - if an appeal has not been taken before that date - thereby relieving prospective appellees of the demands appellant is making against them. The Rule 4(a) time limit is mandatory, and when an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it. Thus, the limit is said to be 'mandatory and jurisdictional.' *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). The time period for filing a notice of appeal can be extended only in certain narrow circumstances, including the timely filing of one of the tolling motions specified under Fed. R. App. P. 4(a)(4), which encompasses motions under Fed. R. Civ. P. 59 to amend the judgment or for a new trial. Fed. R. App. P. 4(a)(4)(iii)-(iv). Upon denial of one of these motions, the 30-day period starts anew. But, to receive the benefit of this tolling effect, the appealing party must file the amending motion within ten [28] days of the entry of the underlying judgment. See Fed. R. Civ. P 6(b), 59(b); Fed. R. App. P. 4(a)(4)."

*Rezzonico v. H&R Block*, 182 F.3d 144, 150 (2nd Cir. 1998).[1]

Hosto's motion for judgment as a matter of law was denied by Order entered February 5, 2014. **[Doc. 112]**. To effectuate the Court's Order, less than two (2) hours later, the Clerk entered judgment for Plaintiff in the amount of $1,000.00 against Defendants LVNV Funding, LLC, et al. **[Doc. 113]**. On February 26, 2014, the Clerk entered an amended judgment. **[Doc. 114].** The only difference in the two judgments was that the latter one stated that judgment was entered against Hosto only, not all defendants in the action. *Id.* The Second Circuit held in *Perez v. AC Roosevelt Food Corp.*, 734 F.3d 175 (2nd Cir. 2013) that:

> "However, a new or amended judgment may only renew the thirty-day limit if the later judgment changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered. *Priestley v. Headminder, Inc.,* 647 F.3d 497, 502 (2nd Cir. 2011) (per curiam) (internal quotation marks omitted); *see FTC v. Minneapolis Honeywell Regulator Co.,* 344 U.S. 206, 211, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. (internal footnotes omitted))."

*Id.* at 177.

Rule 60(a) of the Federal Rules of Civil Procedure states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." **Fed. R. Civ. P. 60(a);** *In re Walter*, 282 F.3d 423, 440 (6th Cir. 2002). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995). Clerical mistakes include those made by judges as well as ministerial employees. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987)." *Id.*

The jury verdict entered in this action clearly stated that Hosto was the only defendant against which Plaintiff was awarded a verdict, and, even though filed six (6) days beyond the time allowed by the Court, it was the only defendant who filed a motion for judgment as a matter of law in an attempt to have the jury verdict set aside, which motion was denied by the Court. **[Doc. 104]; Doc. 110]; [Doc. 112].** There is no question that the judgment in the present action was rendered against only Hosto. The filing of the amended judgment by the Clerk was only for the purpose of correcting a clerical mistake of naming all the defendants in the original judgment and did not change any matters of "substance, or resolve[] a genuine ambiguity, in a judgment previously rendered". *FTC v. Minneapolis Honeywell Regulator Co., supra,* 344 U.S. 206, 211. This

correction of a clerical mistake did not make any substantive changes in the original judgment, and the time for Hosto to file a timely notice of appeal expired on March 7, 2014, thirty (30) days after entry of the original judgment. **[Doc. 113].**

In *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993) the Sixth Circuit Court of Appeals held that:

> "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court. *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981), cert. denied, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982). This court, however, has no jurisdiction to review the lower court's decision on the merits if the notice of appeal is filed in an untimely manner. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). Therefore, 'this court has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal.' *Cochran*, 651 F.2d at 1221. Furthermore, the district court retains jurisdiction over an action when an 'appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court.' *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir.1986). Therefore, the district court retains jurisdiction over an action when the notice of appeal is untimely, as the first notice of appeal was in this case, and this court lacked jurisdiction to consider the merits of the appeal. *See id*."

*Id.* at 394-95.

### **CONCLUSION**

Pursuant to Fed. R. App. P. 4(a)(4), the rules under which Hosto could have filed motions to extend the time to file a timely notice of appeal are Rules 50(b), 52(b), 59, and 60. Hosto did not file motions under any of these rules. Although Plaintiff filed a motion to request an award of attorney fees and costs pursuant to Fed. R. Civ. P. 54 **[Doc. 115]**, this Court has not extended the time to appeal under Fed. R. Civ. P. 58, so the time for filing a notice of appeal was not extended by this filing. As the notice of appeal was not timely filed, there is no reason for the Court to grant Hosto's

4
Case 2:12-cv-00030-CLC-WBC   Document 124   Filed 03/22/14   Page 4 of 5   PageID #: 1275

motion to stay any proceedings to enforce the judgment or the need to approve a *supersedeas* bond, pending appeal of this action as the Sixth Circuit Court of Appeals has no jurisdiction over an action where the notice of appeal is untimely. Hosto made no effort to file a motion to extend the time to file a notice of appeal prior to the expiration of the time to do so.[2]

WHEREFORE, for all the reasons stated above, Hosto's motion for stay of proceedings to enforce judgment and to approve *supersedeas* bond should be denied.

03/22/14  Respectfully submitted,

**RALPH ROBINSON**

/s/      Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
alee@tndebtdefense.com

/s/      Everett H. Mechem
Everett H. Mechem, Esq., BPR # 011854
220 Broad Street, Suite 206
Kingsport, TN 37660
(423) 207-1300
everett@appconsumerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic case filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic case filing system.

/s/      Alan C. Lee
Alan C. Lee, Esq., Attorney for Plaintiff

---

[1] Hosto has not filed any of the motions delineated in Fed. R. App. 4(a)(4). Prior to the instant motion **[Doc. 123]**, and a motion for extension of time to respond to Plaintiff's motion for attorney fees and costs **[Doc. 119]**, the only post-trial motion Hosto has filed is a motion for judgment as a matter of law (Fed. R. Civ. P. 50(a)). **[Doc. 110].**

[2] Plaintiff will respond to Hosto's untimely notice of appeal by a separate and timely response.