IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| RALPH ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12-CV-30-CLC-CHS |
| | ) |
| HOSTO & BUCHAN, PLLC, | ) |
| | ) |
| Defendant. | ) |

REPORT and RECOMMENDATION

I. Introduction

Plaintiff Ralph Robinson moves for attorney fees and costs in this action brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiff seeks attorney fees in the amount of $125,593.75 and costs in the amount of $387.80. This motion is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED that Plaintiff's motion be GRANTED in part and DENIED in part and that Plaintiff be AWARDED $45,000.00 in attorney fees and $387.80 in costs.

II. Facts

Plaintiff filed this action on January 23, 2012, alleging unfair and deceptive practices in the manner in which Defendants attempted to collect a debt from Plaintiff in violation of the FDCPA. The five Defendants against which these claims were asserted are Sherman Financial Group, LLC, LVNV Funding LLC, Resurgent Capital Services, L.P, R. Scott Batson, and Hosto & Buchan, PLLC (Hosto). Plaintiff brought numerous claims under multiple sections of the FDCPA against Defendants. He sought statutory damages in the amount of $1,000 pursuant to

15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) "from each and every Defendant." Complaint at ¶ 130. Of the numerous claims brought under the FDCPA against Defendants, most were dismissed prior to trial pursuant to a motion to dismiss and motions for summary judgment. Hosto did not join in the motion to dismiss. Therefore, the considerable work Plaintiff's counsel was required to undertake in response to the motion to dismiss was not applicable to Hosto. The action eventually went to trial on a limited number of claims against Hosto, LVNV Funding, LLC, Resurgent Capital Services, LP, and R. Scott Batson. The jury entered a verdict in favor of Plaintiff against Hosto only. The jury found no liability under the FDCPA on the part of LVNV Funding, LLC, Resurgent Capital Services, LP, and R. Scott Batson. Plaintiff was awarded the full amount of statutory damages available to him against Hosto under the FDCPA, i.e., $1,000. Hosto appealed the judgment on the ground that evidence was admitted against it improperly; however, the Sixth Circuit Court of Appeals determined that the appeal was not timely and it was dismissed. The matter of attorney fees is now before the undersigned.

### III. Discussion

#### *A. Standard for Awarding Attorney Fees*

Generally, federal courts in the United States follow the American Rule whereby each party bears his or her own attorney fees no matter what the outcome of the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 2 (1983); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 793 (6th Cir. 1988). An exception arises where a prevailing party has a statutory right to attorney fees. *See Hensley*, 461 U.S. at 433 n. 2 (discussing statutory exceptions to the American Rule).

The fee shifting provision of the FDCPA, 15 U.S.C. § 1692k(a)(3), provides in relevant part, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable [for] . . . the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). *See also Cotner v. Buffaloe & Assocs., PLC*, 3:11-CV-299, 2012 WL 1670552, at *1 (E.D. Tenn. May 14, 2012) (Jordan J.).

A party seeking attorney fees under a federal fee shifting statute bears the burden to document the fees requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citations omitted). The award of attorney fees is left to the district court's exercise of discretion within the appropriate parameters, which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2.

The methodology for calculating attorney fees under a fee shifting statute is set forth in *Hescott v. City of Saginaw*, 757 F.3d 518, 526-27 (6th Cir. 2014):

> A starting point is to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the "result obtained." This involves two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"

(quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir.1994)). *Hensley*, 461 U.S. at 433 (holding attorney fees for successful litigants under federal fee shifting statutes are calculated using the "lodestar" method of multiplying the number of hours reasonably expended by a reasonable hourly rate.) The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case-by-case basis. *Hensley*, 461 U.S. at 429. There is a strong presumption that the amount of fees determined by the lodestar method is reasonable.

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

When considering a critical element in the methodology used to calculate fees -- that is, taking into account the results obtained by the prevailing party -- proportionality may be a factor. One type of proportionality is that between the number of claims upon which the plaintiff prevailed and the number of claims upon which the plaintiff did not prevail. Another is proportionality between the amount of attorney fees sought and the amount of damages awarded.

*Hensley* instructs that courts should not reduce fees simply because a plaintiff has not prevailed on all claims. 461 U.S. at 434-37; *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) ("We have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.") (quoting *De ja Vu, Inc. v. Metro. Gov't of Nashville & Davidson Cnty, Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005); *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("In no case should a court reduce the full fee award 'simply by using a ratio of successful claims to claims raised.'") (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013)).

Rather, the court should consider whether work performed for one or more unsuccessful claims can also apply to successful claim(s). Where a plaintiff's claims involve "a common core of facts" or are based on "related legal theories, . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435; *see also, Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) (" . . . when claims 'involve a common core of facts' or are 'based on related legal theories,' the district court's rejection of certain grounds is not a sufficient reason

for reducing a fee. There is no precise test for determining whether claims are related.") (quoting *Hensley*, 461 U.S. at 437)); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) ("When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.")

The second type of proportionality concerns the ratio between damages awarded and fees sought. Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney fees. *Farrar v. Hobby*, 506 U.S. 103, 114-115 (1992) (citing *Hensley*, 461 U.S. at 436); *see also Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994). "[D]istrict courts should exercise their equitable discretion in such cases [where plaintiffs have had only partial success] to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 789-90 (1989)); *see also*, *Hensley*, 461 U.S. at 436-37 ("the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.") "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436; *see also Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994).

It is also important to observe that, "[i]n the civil rights area there is no requirement that the amount of an award of attorney's fees be proportional to the amount of the underlying damages." *Grandview Raceway*, 46 F.3d at 1401 (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (upholding an award of attorney fees pursuant to 42 U.S.C. § 1988 for $245,456.25

where the underlying damages award was $33,350)). The Sixth Circuit reasoned in *Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014),

> … [a]s the Supreme Court has explained, civil-rights plaintiffs "seek[ ] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." [*Rivera,* 477 U.S.] at 574, 106 S.Ct. 2686. Therefore, "Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible to do so." *Id.* at 577, 106 S.Ct. 2686. A rule that eliminates attorneys' fees in civil-rights cases due to the size of the damages awarded "would seriously undermine Congress' purpose in enacting § 1988." *Id.* at 576, 106 S.Ct. 2686.

[Brackets added]; *accord, McHenry v. Chadwick*, 896 F.2d 184, 189 (6th Cir. 1990) (upholding award of attorney fees under § 1988 that were five times greater than the damages award because "the value of the rights vindicated goes beyond the actual monetary award and the amount of the actual award is not controlling"); *Clements v. Prudential Prot. Servs.,* LLC, 100 F. Supp.3d 604, 618 (E.D. Mich. 2015) (awarding $77,233.50 in attorney fees where plaintiff was awarded $31,000 in damages for FMLA claim); *Hoge v. Honda of America Mfg, Inc.*, 2003 WL 1338227 (S.D. Ohio Mar. 3, 2003) (unpublished) (awarding attorney fees of $18,212 where plaintiff was awarded $3,781 in damages for FMLA claim).[1]

Further, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557, 561-63 (1992); *Davis v. Mutual Life Ins. Co. of New York*,

---

[1] Factors sometimes enumerated when determining the lodestar amount and any adjustments are: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Reed v. Rhodes*, 179 F.3d 453, 472 n.3 (citations omitted); *Clements*, 100 F. Supp.3d at 615.

6 F.3d 367, 381 (6th Cir. 1993).

Finally, it is worth noting, that a court is not required to comb through the attorney fee documentation with a magnifying class. As the Supreme Court stated in *Fox v. Vice*, 563 U.S. 826, __; 131 S.Ct. 2205, 2216 (2011):

> [w]e emphasize, as we have before, that the determination of fees "should not result in a second major litigation." *Hensley*, 461 U.S., at 437, 103 S.Ct. 1933. The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." *Ibid*. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*B. Analysis*

Plaintiff argues that he obtained the maximum result that he could obtain against Hosto, a $1,000 award. While this statement is true, he did not prevail on any of his other claims against the other four defendants. That fact is significant only because many of the claims asserted against the other Defendants were based on alleged facts and theories of liability which did not apply to Hosto. The parties were asked to identify the hours attributable to various claims in connection with the fee request; however, the results furnished to the court were not instructive.

Plaintiff has requested a fee nearly 110 times greater than the damages award he received in this case. As discussed, an attorney fee award need not be proportional to the damages award. Congress has decided to provide attorney fees to a prevailing plaintiff in an FDCPA case to encourage lawyers to take such cases in order to promote a public good, *i.e.,* the protection of consumers from an overreaching debt collector. On the other hand, the Supreme Court has directed that, "the most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley*, 461

U.S. at 436); *see also Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994). The undersigned is also guided by the Supreme Court's admonition in *Fox v. Vice*, 563 U.S. 826, __; 131 S.Ct. 2205, 2216 (2011), that "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Accordingly, with the goal of awarding a reasonable attorney fee to compensate counsel for their work and to encourage counsel to represent consumers in other FDCPA cases in the future, the undersigned concludes that Plaintiff should be awarded $45,000.00 in attorney fees and $387.80 in costs.

### IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that Plaintiff be awarded $45,000.00 in attorney fees and $387.80 in costs.[2]

SO ORDERED.

ENTER.

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).