UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RALPH ROBINSON, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 2:12-CV-30 |
| v. ) | Judge Collier |
| ) | Magistrate Judge Steger |
| SHERMAN FINANCIAL GROUP, LLC, ) | |
| *et al.*, ) | |
| ) | |
|     *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Ralph Robinson's amended motion for attorney fees. (Docs. 115, 147.) Plaintiff requests $387.80 in costs and $110,623.75 in fees for counsel's representation through trial (Doc. 115) and $14,970.00 in fees for post-trial work (Doc. 147). Defendant Hosto & Buchan, PLLC ("Hosto") has responded in opposition, contending the award should not exceed $30,000. (Docs. 126, 149.) The Court referred both the original and supplemental motions to the associated magistrate judge for a report and recommendation (the "R&R") on the proper disposition. (Docs. 117, 151.) After holding a hearing, Magistrate Judge Christopher H. Steger issued the R&R, concluding Plaintiff's counsel was entitled to $45,000 in fees and $387.80 in costs. (Doc. 156.) Both parties timely objected. (Docs. 157, 159.) For the reasons stated below, the Court will modify the R&R and award Plaintiff $53,350.25 in attorney fees and $387.80 in costs.

**I.**     **Facts**

Plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") on January 23, 2012. (Doc. 1.) Plaintiff's claims, which the Court

previously described as "numerous and, at times, difficult to follow" (Doc. 67 at 6 n.1), arose from actions allegedly taken by five defendants—Sherman Financial Group LLC, LVNV Funding LLC, Resurgent Capital Services L.P, R. Scott Batson (collectively, the "LVNV Defendants"), and Hosto—in attempting to collect a credit-card debt from Plaintiff. Plaintiff sought statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.[1] (Doc. 1 at 30; Doc. 15 at 31.)

Plaintiff's collection of claims was gradually whittled down in pre-trial motions practice (*see* Doc. 36 (dismissing Plaintiff's § 1692e(11) claims against Defendants LVNV, Sherman, and Resurgent); Doc. 67 (granting summary judgment for all Defendants as to Plaintiff's licensing claims under §§ 1692e, e(1), e(5), e(10), and f, and Plaintiff's notice claims under § 1692g(a)(3)–(5))), until the jury was left with but a few claims centered around one issue: whether any Defendant made false, deceptive, or misleading representations in their debt-collection communications to Plaintiff, in violation of 15 U.S.C. § 1692e. After a two-day trial, the jury concluded that of the five defendants, only Hosto had committed such a violation, and awarded Plaintiff $1,000—the maximum amount of statutory damages permitted under the statute. Hosto appealed the judgment, but the Sixth Circuit Court of Appeals dismissed the appeal as untimely.

## II. Legal Standard

When a party timely objects to a magistrate judge's recommendation, 28 U.S.C. § 636(b) requires a district court to provide *de novo* review of those portions of the recommendation to

---

[1] Although Plaintiff also claimed "actual damages" in his prayer for relief, none of the factual allegations in the complaint raise any suggestion that Ralph Robinson suffered any actual damages. Indeed, in the final pre-trial order, Plaintiff expressly stipulated that he sought only statutory damages and attorney fees and costs. (Doc. 105 at 3.)

which the objection is directed. If the district court determines the recommendation to be clearly erroneous or contrary to law, the court may modify it or set it aside entirely. Fed. R. Civ. P. 72(a).

"However, the district court need not provide *de novo* review where the objections are frivolous, conclusive or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal citations, quotation marks, and modification omitted). This rule comports with the judicial-efficiency rationale for permitting such objections to be raised in the district court: it "provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Raising a general objection, or merely referencing arguments previously presented to the magistrate subverts this goal. "The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. Discussion

Upon reviewing the parties' submissions, reviewing the record, and hearing argument, the Magistrate Judge found an award of $45,000 in fees was appropriate. Although this figure was significantly below the $125,593.75 Plaintiff requested, the Magistrate Judge believed the reduction to be warranted because many of the claims Plaintiff asserted were directed at the LVNV Defendants and "were based on alleged facts and theories of liability that did not apply to Hosto." (Doc. 157 at 7.) Noting that the goal in fee-shifting cases "is to do rough justice, not to achieve auditing perfection," the Magistrate Judge concluded $45,000 provided a reasonable

balance of the relevant factors. (*Id.* (quoting *Fox v. Vice*, 563 U.S. 826, ___; 131 S. Ct. 2205, 2216 (2011)).) Obviously, neither party agrees.

### A. Hosto's Objection

Hosto asserts simply that the award "is excessive and is not supported by the record," and then directs the Court to its prior filings "including but not limited to Docs. 126, 149, and the exhibits thereto." (Doc. 157.) This won't cut it. *See Mira*, 806 F.2d at 637 (holding that general objections do not warrant *de novo* review). If Hosto cannot be bothered to set forth the arguments supporting its objection, the Court sees no need to hunt through the record to identify any either. The Court declines to consider this objection.

### B. Plaintiff's Objection

Plaintiff explains that while he does not object to the Magistrate Judge's conclusion that he is entitled to attorney fees and costs, he does object to the amount of the fee award. Specifically, Plaintiff objects that the R&R accurately recites the relevant legal framework for determining fee awards but neglects to explain how that framework supports the specific award recommended. Plaintiff notes that the R&R does not contain a recommendation as to the number of hours reasonably expended or as to a reasonable hourly rate, and thus fails to arrive at a lodestar amount. Plaintiff also summarizes his original arguments regarding an appropriate fee award. The Court will undertake *de novo* review of these issues below.

#### 1. Applicable Law

Under the FDCPA, a successful action to enforce statutory damages for a violation of the Act entitles the plaintiff to "a reasonable attorney's fee, as determined by the court." 15 U.S.C. § 1692k(a). Most attorney-fee case law comes from claims under 42 U.S.C. § 1988(b), which provides for attorney fees in civil-rights cases. The Sixth Circuit has relied upon that body of

law in discussing the FDCPA's fee provision, *see Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997) (citing, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983)), so the Court will do so as well.

### 2. Lodestar Analysis

"'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In determining a reasonable fee, courts begin by calculating the "lodestar," which is "the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Id.* This amount, once determined, is strongly presumed to represent a reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

#### a. Reasonable Hourly Rate

Plaintiff's lead counsel, Alan Lee, asserts he is seeking the hourly rate he normally bills for contingency work on FDCPA matters: $325 per hour. Mr. Lee's co-counsel, Everett Mechem, seeks what he asserts is his normal hourly rate for consumer-law contingency-fee matters: $275 per hour.[2] The first—and here, dispositive—step in arriving at a reasonable hourly rate is to determine the market rate in the local community, which is defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.* at 350. "The appropriate rate . . . is not necessarily the exact value

---

[2] The Court notes, as have several other judges of this Court, the incongruity in Plaintiff's counsel having an hourly rate in contingency-fee cases. *E.g.*, *McGhee v. Buffalo & Associates, PLC*, No. 2:12-CV-333, 2014 WL 2871479, at *8 (E.D. Tenn. June 24, 2014); *Eidson v. Massa*, No. 2:13–cv–337, slip op. at 10 & n.7 (E.D. Tenn. April 14, 2014).

sought by a particular firm, but is rather the market rate . . . ." *Gonter v. Hunt Valve Co.,* 510 F.3d 610, 618 (6th Cir. 2007).

Mr. Lee bases his request on his lengthy experience in consumer law matters (over twenty years) and in litigating FDCPA matters (over six years). He asserts that his fee awards in bankruptcy court have risen from $125 per hour in 1996 to $225 per hour in 2006, and states the highest fee award he has received from this Court was $250 per hour. He represents that in 2012, he raised his contingency hourly rates when working on FDCPA and other consumer matters to $325 per hour. Mr. Lee asserts this figure is reasonable in light of his "experience, competence, knowledge, the lack of experienced counsel who are willing to provide legal services to consumers on a contingency fee basis, and the prevailing market rate for legal services in the area of consumer protection." (Doc. 116 at 16.)

Mr. Mechem bases his request on the extensive experience and knowledge he has gained in the area of consumer-protection law since he began filing FDCPA cases in 2011.[3] (*Id.* at 17.) He also raised his contingency hourly rates in 2012, to $275 per hour, and requests this amount as a reasonable hourly rate. He submits this amount "is justified by [his] experience, the nature and complexity of FDCPA cases generally, the relative risk involved in consumer cases, and hourly attorney fee rates from comparable markets." (Doc. 116-2 at 2.)

The Court notes Mr. Lee has litigated a number of FDCPA fees cases in this District, several of which have resulted in fee awards—and by extension, determinations of a reasonable hourly rate. *See, e.g.*, *Derry v. Buffalo & Associates, PLC*, No. 2:12-CV-303, 2014 WL 4450146 (E.D. Tenn. Sept. 10, 2014) (Collier, J.) (finding reasonable hourly rate to be $250); *McGhee v. Buffalo & Associates, PLC*, No. 2:12-CV-333, 2014 WL 2871479 (E.D. Tenn. June 24, 2014)

---

[3] Specifically, Mr. Mechem represents that between 2011 and 2014, he secured favorable outcomes for clients in over 200 FDCPA cases filed in federal court. (Doc. 116-2 at 2.)

(Collier, J.) (finding reasonable hourly rate to be $250); *Eidson v. Massa*, No. 2:13-cv-337 (E.D. Tenn. April 14, 2014) (Greer, J.) (finding reasonable hourly rate to be $250); *Cotner v. Buffaloe & Associates, PLC*, No. 3:11-CV-299, 2012 WL 1670552 (E.D. Tenn. May 14, 2012) (Jordan, J.) (finding reasonable hourly rate to be $175). As Plaintiff's counsel was litigating the instant case concurrently with or prior to most of the cited cases, the Court finds the awards in those cases to be compelling evidence of the prevailing market rate. Accordingly, the Court concludes Mr. Lee's reasonable hourly rate is $250 per hour.

While Mr. Mechem represents that he has extensive experience in certain areas of consumer and bankruptcy law, it is undisputed that he has focused on consumer-law issues since 2008, and had been litigating FDCPA cases for just over three years when this motion was filed. (*See* Doc. 116-2 at 2.) Of note, this is significantly less experience than Mr. Lee, who avers his practice has been devoted to consumer finance law since 1991, and that he has been litigating FDCPA cases since 2007. (Doc. 116-1 at 2.) Accordingly, the Court concludes that a reasonable hourly rate for Mr. Mechem is $200 per hour.[4] *See Hensley*, 461 U.S. at 429 n.3 (citing attorney experience as a relevant factor in determining the fee amount).

### b. Hours Reasonably Expended

The second component of the lodestar is the number of hours reasonably expended. In arriving at this figure, the district court should, logically, exclude hours that are *not* reasonably expended—i.e., "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461

---

[4] The Court has considered the additional materials submitted by counsel in support of their requested rates, a 2010 survey of consumer law practitioners' attorney fees (suggesting $324 is the average hourly rate for lawyers who have practiced consumer law from 21–25 years in the South) and a declaration by fellow consumer-law attorney Brent Snyder (averring that counsel's requested rates are reasonable), and does not find them sufficiently persuasive to outweigh the factors listed by the Court. *See Eidson v. Massa*, No. 2:13–cv–337, slip op. at 11–12 (E.D. Tenn. April 14, 2014) (rejecting arguments based on the same survey and a declaration from the same attorney).

U.S. at 434. A court may exclude hours as excessive if: (1) factually, the court finds the attorney did not "actually work[] the hours claimed or is padding the account"; (2) the court concludes as a matter of law "the work performed is [not] sufficiently related to the points on which the client prevailed as to be compensable"; or (3) the court decides "the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986).

### i. *Claims against other Defendants*

The primary point of contention at this step of the calculation concerns a legal issue—whether some of the hours billed by Plaintiff's counsel should be excluded as not "sufficiently related to the points on which the client prevailed as to be compensable." *Id.* Plaintiff seeks payment for all the hours billed in connection with this litigation. Hosto argues that the vast majority of Plaintiff's counsel's time was expended litigating with the LVNV Defendants, and that Plaintiff's counsel are not entitled to be compensated for time spent litigating with defendants against whom Plaintiff did not prevail. (Doc. 126 at 1–3.) Hosto points specifically to the time Plaintiff spent on: (1) the LVNV Defendants' motion to dismiss; (2) the LVNV Defendants' summary-judgment motion; (3) Plaintiff's motion for partial summary judgment against the LVNV Defendants; and (4) Plaintiff's motion to reconsider the denial of his motion for partial summary judgment against the LVNV Defendants. (*Id.* at 2, 10.) Hosto notes it did not participate in any of these motions. In fact, Hosto points out Plaintiff did not even respond to the only pre-trial motion Hosto *did* file, a motion for partial summary judgment as to whether Plaintiff's licensing claims applied to Hosto. (*Id.*) Hosto also represents that Plaintiff did not direct any discovery requests to Hosto, nor did it depose any of Hosto's representatives. (*Id.* at

2.) In sum, Hosto argues the only hours "reasonably expended" in this matter are those directly related to litigation with Hosto. (*Id.* at 3.)

Plaintiff makes two points in response. First, Plaintiff recites the Supreme Court's instruction that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Plaintiff correctly notes that when this is the case, a plaintiff can be compensated even for hours spent on unsuccessful claims when those claims share "a common core of facts" with, or are based on similar legal theories as, claims on which the plaintiff prevails. *Hensley*, 461 U.S. at 435. Reasoning by analogy, Plaintiff concludes "it is equally plausible that where a plaintiff is successful only against one of multiple defendants on claims based on the same facts or legal theories, he should be compensated for all the time his attorneys were required to expend in prosecuting the case to a successful recovery of the maximum statutory damages."[5] (Doc. 129 at 4.)

Second, Plaintiff directs the Court to cases in which other courts confronted the issue of how to award fees when a plaintiff recovers against fewer than all defendants, arguing that these cases support his first point. (Doc. 136 at 2–4.) Plaintiff relies primarily on two circuit-court cases, *Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (7th Cir. 1983) and *Cobb v. Miller*, 818 F.2d 1227 (5th Cir. 1987). In *Mary Beth G.*, the Seventh Circuit held that

> [W]hen . . . a plaintiff raises a claim for relief that relates to several defendants, not all of whom are held liable, the total time expended on the claim for relief should be counted in awarding the plaintiff attorney's fees so long as the defendants from whom plaintiff did not obtain relief were not named frivolously.

---

[5] The Court notes in passing that the law is unsettled as to whether $1,000 is the maximum recovery a plaintiff can obtain in one action, or whether it is the maximum amount a plaintiff can recover against one *defendant* in one action. *See, e.g.*, *Gomez v. Midland Funding, LLC*, 77 F. Supp. 3d 750, 754-55 (N.D. Ill. 2014) (collecting cases on each side of the issue). This point is of no import here, however, where Hosto does not dispute that $1,000 was the maximum amount Plaintiff could have recovered.

723 F.2d at 1281. In *Cobb*, the Fifth Circuit, in reliance on *Mary Beth G.*, concluded that "the magistrate erred when he reduced the lodestar amount by two-thirds because Cobb prevailed against only one of the three defendants." 818 F.2d at 1234. Plaintiff submits the holdings of these cases (along with several others that agree with them) compel the conclusion that here, Plaintiff is entitled to the full fee request, notwithstanding the fact Plaintiff did not prevail against all defendants. (Doc. 136 at 5.)

The Court concludes Plaintiff is entitled to fees for some—but not all—of the time spent litigating against the LVNV Defendants. To start, the Court rejects Hosto's argument that any hours not directly related to Hosto are excessive. As the Magistrate Judge noted in the hearing on the motion for fees, it is frequently true that in a multi-defendant case, one or more defendants take the lead in advancing the litigation while the remaining defendants "ride in the slipstream." Where a defendant benefits from the efforts of one or more co-defendants, it is not unreasonable to expect the defendant to share the cost in a fee-shifting scenario. Had Plaintiff sued only Hosto, it seems likely that a portion—perhaps a substantial portion—of the hours Plaintiff's counsel expended in pre-trial litigation against the LVNV Defendants would have been replicated in connection with Hosto. Discovery would have been taken, motions would have been filed, and at least on those issues common to both the LVNV Defendants and Hosto, Plaintiff would likely have incurred many of the same expenses.

That last point, however, is also why the Court cannot simply adopt Plaintiff's argument in its entirety. While it is true that some of the issues overlap, others do not. To the extent Plaintiff pursued a claim against the LVNV Defendants that was both unsuccessful and inapplicable to Hosto, it would be manifestly inequitable to require Hosto to compensate Plaintiff for the hours spent on that issue. Hours expended on such a claim are simply not "sufficiently

10
Case 2:12-cv-00030-CLC-CHS   Document 160   Filed 04/04/16   Page 10 of 18   PageID #: 1772

related to the points on which the client prevailed as to be compensable."[6] *See Coulter*, 805 F.2d at 151.

The Sixth Circuit Court of Appeals, in a case cited by neither party, dealt with a situation where, as here, a plaintiff sought fees for hours spent on unsuccessful claims against dismissed defendants. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994). In that case, the plaintiffs sued, *inter alia*, the Village of Sebring, its council members, and the town manager under 42 U.S.C. §§ 1983 and 1985. The individual council members and the town manager were dismissed early in the litigation pursuant to a motion for summary judgment, but the plaintiffs went on to obtain an injunction and recover $55,600 in damages against the Village. The district court granted the plaintiffs' request for attorney fees but excluded some of the hours claimed on the ground that the hours "must have been spent on unsuccessful claims against dismissed defendants." *Id.* The Court of Appeals reversed. Looking to *Hensley*, the Court of Appeals first reasoned that the plaintiffs' claims against both the defendants who prevailed on summary judgment and were dismissed and the Village involved the same common core of facts. In fact, "[n]o separate issues were raised against the prevailing defendants that were not raised against [the Village] itself." *Id.* Second, the Court of Appeals noted that the plaintiffs had achieved excellent results: they obtained both an injunction and damages.

---

[6] Because one of the identifying criteria of this type of claim is a lack of success, this issue could also be addressed after calculating the lodestar, when a court makes adjustments to account for the degree of success obtained by the plaintiff. *See Hensley*, 461 U.S. at 434–36. Whatever the order of operations, the end result is the same—hours that are not reasonably expended on a point on which the plaintiff ultimately prevails are excluded from the fee award. *See id.* at 436 (acknowledging a district court's discretion to adjust the lodestar by, *inter alia*, "identify[ing] specific hours that should be eliminated"); *see also Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991) ("Mathematically, it is inconsequential whether the lodestar figure itself is adjusted for lack of success or whether the reasonable hours component of the lodestar is adjusted for lack of success." (quoting *Cabrales v. Cty. of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir. 1988) *cert. granted, judgment vacated,* 490 U.S. 1087, 109 S. Ct. 2425, 104 L. Ed. 2d 982 (1989) and *opinion reinstated,* 886 F.2d 235 (9th Cir. 1989))).

Here, in contrast, Plaintiff raised at least two issues against the LVNV Defendants that were not, and indeed could not have been, raised against Hosto. The first is the entry of default Plaintiff sought against the LVNV Defendants for failing to answer the amended complaint within the allotted time. (Docs. 45–48.) Unlike the LVNV Defendants, Hosto timely filed its answer to Plaintiff's amended complaint. (*See* Doc. 17.) Because these hours were expended on an issue entirely unrelated to the claims on which Plaintiff recovered against Hosto, the Court concludes the hours Plaintiff's counsel billed in connection with this motion are excessive and due to be excluded.[7]

The second and more substantial issue is Plaintiff's contention that the LVNV Defendants were not properly licensed as collections services under Tennessee law. (*See, e.g.*, Doc. 15 at 25–26; Docs. 49, 50; Doc. 57 at 16–21; Doc. 58; Docs. 74, 79, 84.) Although Plaintiff initially pled a similar claim against Hosto (*see* Doc. 15 at 26–28), Plaintiff failed to prosecute it (for the likely reason that it lacked merit), and the Court granted Hosto's unopposed motion for partial summary judgment on this issue (Doc. 67 at 6–7). Plaintiff fared little better as to the LVNV Defendants, despite the significant amount of time Plaintiff's counsel invested in litigating the point. The Court granted summary judgment on the issue for the LVNV Defendants and against Plaintiff. (*Id.* at 14–18, 21.) The Court also denied Plaintiff's subsequent motion to reconsider its decision on this point. (Doc. 89.)

The Court concludes the hours Plaintiff's counsel expended pursuing the licensing claim are excessive and due to be excluded. Plaintiff clearly did not prevail on this claim, and unlike the unsuccessful claims against the dismissed defendants in *Wayne*, this issue does not share a common core of facts with the claims upon which Plaintiff ultimately did prevail—the false-

---

[7] The relevant entries are those dated 4/25/13, 4/28/13, and 5/1/13 (Doc. 116-3 at 4) and are comprised of 2.45 hours by Mr. Lee and 1 hour by Mr. Mechem.

communications claims under § 1692e.  The licensing claim was almost entirely legal and involved only a few, undisputed facts: whether the LVNV Defendants were licensed as "collections services" under Tennessee law, and whether they were, in fact, attempting to collect a debt.  The § 1692e claims were comprised almost entirely of factual questions related to the content and nature of specific communications made to Plaintiff by various defendants between November 2010 and March 2011.  Thus, even assuming Plaintiff achieved "excellent results," the time Plaintiff's counsel spent on this claim is not "sufficiently related to the points on which the client prevailed as to be compensable."  *See Coulter*, 805 F.2d at 151.

Plaintiff's out-of-circuit authority is not to the contrary.  The *Mary Beth G.* court did not hold that a plaintiff who prevails on some claims against some defendants can recover for all the time expended on all claims, regardless of whether those claims relate to all defendants.  Rather, the court limited its holding to situations where "a plaintiff raises a claim for relief *that relates to several defendants*."  723 F.3d at 1281 (emphasis added).  Hours expended on a claim of *this* nature "should be counted in awarding the plaintiff attorney's fees," regardless of whether all of those defendants are ultimately found liable.  *Id.*  Earlier in its analysis, the court was even more explicit, explaining that *Hensley* suggests "that all time spent in pursuit of relief *for the same illegal conduct* should be considered in awarding attorney's fees."  *Id.* (emphasis added). Plaintiff cannot plausibly contend that its argument that the LVNV Defendants were not properly licensed under Tennessee law is a claim for relief that "relates" to Hosto, or that the failure of the LVNV Defendants to procure a license is "the same illegal conduct" for which Plaintiff ultimately recovered against Hosto.

As for *Cobb*, Plaintiff's misapprehension borders on egregious.  Plaintiff quotes the court's conclusion—"We agree with the reasoning of *Mary Beth G.* and conclude that the

magistrate erred when he reduced the lodestar amount by two-thirds because Cobb prevailed against only one of the three defendants"—but conveniently elides the immediately preceding sentence and the immediately succeeding footnote. *Compare* Doc. 136 at 3 *with Cobb*, 818 F.2d at 1233–34. In full, the passage reads as follows:

> Similarly [in this case], the claims against the different defendants do *not* arise from a course of conduct that is *easily differentiated on the basis of each defendant*. We agree with the reasoning of *Mary Beth G.* and conclude that the magistrate erred when he reduced the lodestar amount by two-thirds because Cobb prevailed against only one of the three defendants.[10]
>
> [Footnote 10] We express no opinion on the propriety of reducing an attorney's fees award based upon the number of defendants liable *where each defendant's course of conduct can be easily differentiated.*

*Cobb*, 818 F.2d at 1233–34 (emphasis added). In context, it is clear that *Cobb* simply reiterates the holdings of *Wayne* and *Mary Beth G.*: a plaintiff may recover for hours expended on claims against defendants who are ultimately dismissed where those claims are sufficiently factually or legally related to the claims on which the plaintiff prevails against the remaining defendants. Here, of course, the Defendants' courses of conduct can be easily differentiated. The LVNV Defendants allegedly collected debt in Tennessee without a license, whereas Hosto made specific communications to Plaintiff that a jury found to be false, deceptive, or misleading. *Cobb* simply is not applicable.

Accordingly, the Court will exclude as excessive all of the hours Plaintiff's counsel expended on the licensing claim.[8]

---

[8] The relevant entries are those dated 4/29/2013, 4/30/2013, 5/17/2013, 5/25/2013, 8/3/2013, 8/4/2013, 8/5/2013, 8/6/2013, 8/28/2013, 8/29/2013, 9/5/2013, 9/9/2013, 9/15/2013, 9/19/2013, 10/17/2013, 10/28/2013, and 10/29/2013. (*See* Doc. 116-3 at 4–7.) Mr. Lee expended a total of 32.85 hours on the licensing claim on these days and Mr. Mechem expended a total of 22.95 hours. Several of the entries appear to include time expended on other issues (those dated 8/3/2013, 8/5/2013, 8/6/2013, and 8/29/2013); therefore the Court has reduced the time excluded for these entries accordingly.

### ii. *Other Excessive, Redundant, or Unnecessary Entries*

At the hearing on this motion held by the Magistrate Judge, Mr. Lee stated that he was "fine" with Hosto's contention that Plaintiff's post-trial hour request should be reduced by eight hours, conceding that the objection was "very reasonable." On the basis of this concession, the Court will reduce the total hours accordingly.[9] The Court also notes that there are two entries for February 11, 2013, both of which indicate Mr. Lee spent 6.1 hours in deposition preparation and travel. (Doc. 116-3 at 3.) As these entries appear to be duplicative, the Court will subtract 6.1 hours from Mr. Lee's total. Finally, Plaintiff's counsel collectively spent six hours on a motion for the Court to dismiss Hosto's appeal to the Court of Appeals. (*See* Doc. 148-1 at 2; *see also* Docs. 137, 138, 140.) As the Court explained in its six-sentence denial, this motion was without merit. (*See* Doc. 141.) The Court finds the hours spent litigating this frivolous issue to be unnecessary, and will thus strike these hours.

Hosto raises several other specific objections to the hours requested by Plaintiff, including the 5.8 hours spent drafting the complaint and the 2 hours spent drafting the amended complaint. (Doc. 126 at 6.) Hosto also objects that having two lawyers at trial was unnecessary and excessive, and objects generally to the amount of time Plaintiff's counsel spent preparing for trial. (*Id.* at 11.) While the Court finds no merit in Hosto's first two contentions, the Court does find the amount of time expended on trial preparation to be excessive in light of the nature of the issues tried and the duration of the trial. Between them, Mr. Lee and Mr. Mechem spent almost

---

[9] Hosto objected to two entries in their entirety, those dated 3/17/14 and 3/18/14, and in part to the entry for 12/11/14 – 12/15/14. (*See* Doc. 149 at 2.) As Mr. Lee billed approximately seventy-five percent of the hours at issue (*see* Doc. 148-1 at 1, 2), the Court will reduce Mr. Lee's total hours by six and Mr. Mechem's total hours by two.

100 hours preparing for a fairly simple trial.[10] (*See* Doc. 116-3 at 7.) In addition, they combined to bill 32 hours for a trial that lasted just over 8 hours. (*Compare id.* (claiming 8 hours per attorney per day) *with* Docs. 100, 101 (indicating court was in session for just under five hours on the first day of trial and just over three hours on the second day of trial).) Given the straightforward nature of the issues and the years of experience and subject-area expertise possessed by Plaintiff's counsel, the Court finds this amount of time to be excessive. The Court will therefore subtract fifty-six hours to account for these issues.[11]

All told, the Court concludes 79.9 hours of Mr. Lee's time and 55.45 hours of Mr. Mechem's time should be excluded. The Court thus finds Mr. Lee reasonably expended 184.7 hours on this litigation and Mr. Mechem reasonably expended 82.95 hours. Having reviewed all the hours and calculated the reasonable hourly rates of $250 for Mr. Lee and $200 for Mr. Mechem, the lodestar figure for attorney fees is **$62,765**.

### 3. Adjustments

Once a court has arrived at a lodestar figure, the court may then adjust the lodestar up or down "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd*, 227 F.3d at 349 (citing *Reed,* 179 F.3d at 471–72). The Court of Appeals has cautioned, though, that such adjustments "are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." *Id.* at 350 (quoting *Del. Valley*, 478 U.S. at 565).

One of the most critical factors in determining whether an adjustment is appropriate is the degree of success obtained. *Id.* at 349. Hosto contends that Plaintiff's award should be reduced

---

[10] Specifically, Mr. Lee expended 48.5 hours and Mr. Mechem expended 51 hours between 11/12/13 and 11/19/13.

[11] Specifically, the Court will subtract 25 hours from the time each attorney billed preparing for trial and 1.5 hours from the 8 hours each attorney claimed for each day of trial.

to account for the fact Plaintiff's efforts were largely directed at litigating various unsuccessful claims against the four LVNV Defendants, not Hosto. (*See* Doc. 126 at 10.) While the Court has already "attempt[ed] to identify specific hours that should be eliminated" for Plaintiff's unrelated claims against the LVNV Defendants, *see Hensley*, 461 U.S. at 36, the Court recognizes it is impossible to accurately separate out all the time attributable to these claims simply by reviewing Plaintiff's counsel's billing entries. For example, the Court notes the licensing issue made an appearance in Plaintiff's amended complaint (*see* Doc. 15 at 25–26), in the briefing surrounding the LVNV Defendants' second motion to dismiss (*see* Doc. 19 at 11–12; Doc. 21 at 21–24), and in the briefing surrounding the LVNV Defendants' motion for summary judgment (*see* Doc. 43 at 12–16; Doc. 57 at 16–21; Doc. 59 at 3–7). It also seems reasonable to assume that the issue occupied a not-insignificant portion of the discovery requests and depositions.

Because it is clear Plaintiff's counsel devoted a significant amount of time to the licensing issue beyond the hours the Court has already identified, and because it is not possible to identify that amount of time with precision, the Court concludes this is one of those unusual cases in which an additional percentage reduction to the lodestar is warranted. The Court observes the licensing issue appears to take up approximately 20% of Plaintiff's briefing in response to the LVNV Defendants' motions to dismiss and for summary judgment. (*See* Doc. 21 (four pages out of a twenty-five page brief); Doc. 57 (six pages out of a twenty-five page brief).) The Court would be inclined to reduce the lodestar by this amount, except that Plaintiff's counsel billed a substantial number of hours in connection with the trial and post-trial litigation. As the licensing issue was resolved prior to trial, applying a 20% reduction to the entire lodestar would over-represent the unrelated hours. The Court will therefore reduce the lodestar by 15% to

17

account for those hours attributable to the licensing issue that the Court has not previously excluded. This results in an adjusted lodestar of **$53,350.25**. The Court finds this amount to be reasonable given the work required and the results obtained.

### 4. Costs

Plaintiff has requested $387.80 in costs, consisting of $350 for the filing fee and $37.80 for the cost of service using certified mail. As Hosto does not object to this amount, the Court will grant this request.

## IV. Conclusion

The Supreme Court has admonished that "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Unfortunately, that prospect is rapidly becoming a reality here. The Court understands the temptation to battle on, given the likelihood of a fee award more than fifty-three times the damages awarded in this case. The Court would strongly caution the parties, however, to think seriously about the marginal benefits of such a decision before engaging in further litigation.

For the reasons explained above, the Court **ADOPTS** the R&R as modified (Doc. 156). Specifically, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for attorney fees, as amended (Docs. 115, 147), and **AWARDS** Plaintiff **$53,350.25** in attorney fees and **$387.80** in costs.

**SO ORDERED.**

**ENTER:**

                                                                       **/s/**_____
                                                                       **CURTIS L. COLLIER**
                                                                       **UNITED STATES DISTRICT JUDGE**